## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

ROBBIN WARD,                                        Case No. 1:21-cv-02597-LTB

      Plaintiff,

      v.

EQUIFAX  INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
NATIONAL CREDIT SYSTEMS INC., and
TRANS UNION, LLC.

      Defendants

---

### DEFENDANT NATIONAL CREDIT SYSTEMS INC.'S UNOPPOSED FIRST MOTION FOR EXTENSION OF TIME TO DISCLOSE EXPERT WITNESSES

---

Defendant, National Credit Systems, Inc. (hereinafter, "NCS" or "Defendant"), pursuant to Fed. R. Civ. Proc. 6 and 16, and hereby requests an extension to the deadlines set in the scheduling order entered at ECF 29, and as amended at ECF 38. In support of this motion, Defendant states as follows:

1. A scheduling order was entered in this case on February 16, 2017. *See* First Scheduling Order at ECF 29.

2. The first scheduling order set June 15, 2022, as the deadline for the Plaintiff to disclose his expert witnesses. *See* First Scheduling Order at ECF 29, pg. 13. NCS was to provide its expert witness disclosures on or before July 1, 2022. *Id.*

3. Plaintiff's first request to extend the scheduling order in this matter was granted on June 14, 2022. ECF 48, Second Scheduling Order.

4. This Honorable Court granted Plaintiff's unopposed motion to extend the

1

scheduling order, rendering Plaintiff's expert disclosures due on July 6, 2022, NCS's due on June 22, 2022, and lastly, any rebuttal witnesses by August 22, 2022. ECF 48.

5. Subsequent thereto, the Plaintiff sought an extension of time for the deadlines set at ECF 29. *See* ECF 38.

6. On July 8, 2022, Plaintiff submitted and disclosed a report from Mr. Evan Hendricks – who the Plaintiff claims as his expert. (the "Hendricks Report").

7. Subsequent to the receipt of the Hendricks Report, counsel for NCS, DeMarte Law, PLLC, sought a primary and/or rebuttal expert witness. Eventually, John Ulzheimer of The Ulzheimer Group was selected.

8. Mr. Ulzheimer has previous commitments which take him out-of-the-office and/or without adequate time to review and prepare any expert materials and has requested additional time to complete any review and report.

9. As a result, NCS requests an extension of time for expert disclosures, which is presently set at July 22, 2022. ECF 48. NCS requests that expert disclosures come due on through and including September 15, 2022.

10. This matter will continue to progress while sorting out and waiting for expert reports. Written discovery was served by both parties, with Plaintiff's response coming due August 5, 2022. Additionally, Plaintiff's deposition is scheduled for August 22, 2022. Lastly, Plaintiff has deposed to current/former employees of NCS, and NCS has provided proposed deposition dates of NCS's Vice President of Operations, Ron Sapp. Mr. Sapp's deposition is not yet scheduled.

11. Despite all efforts to keep this matter on track, and to explain any perceived delay in moving forward with expert witnesses, the undersigned counsel states that she has

recently been hospitalized on numerous occasions, which has resulted in the need for extensive testing, treatment, biopsies, and bed rest. It is expected these matters will persist through the beginning of August, if not permanently. Notably, the undersigned counsel will be out-of-office July 26 – 29 to undergo further procedures but shall ensure that any issues arising from this case are promptly addressed.

12.    As a result of the foregoing, the undersigned counsel is working limited hours and has not been accepting new cases. These health matters combined with NCS's chosen expert's schedule form the basis of this request as neither undersigned counsel nor NCS's chosen expert will be able to meet the July 22, 2022, expert disclosure deadline.

13.    NCS requests that any deadlines regarding expert disclosures run through and including September 15, 2022; rebuttal expert witness disclosures due through and including October 15, 2022; and dispositive motions due through and including November 15, 2022.

14.    **Mailing to Client**: Undersigned counsel states that she has served a copy of this motion contemporaneously with the filing of this motion. The remaining parties shall serve a copy of this motion on their respective clients.

15.    **Statement Regarding Conferral:** Undersigned counsel states that she communicated with Plaintiff's counsel regarding the subject matter of this motion, for which Plaintiff's counsel has no objection.

16.    **Prior Requests for Extension of Time**:. This is the NCS's first request for an extension of time. Plaintiff previously filed a motion to extend expert disclosures in this matter which is located at ECF 46.

WHEREFORE, Defendant National Credit Systems, Inc., requests an extension of time for the following matters: through and including September 15, 2022 for expert disclosures;

through and including October 15, 2022, for rebuttal expert witness disclosures; and, lastly,

through and including November 15, 2022.

Dated: July 21, 2022

Respectfully Submitted,

*/s/ Katrina M. DeMarte*
Katrina M. DeMarte
(CO Bar No. 43135; MI Bar No. P81476)
**DeMarte Law PLLC**
39555 Orchard Hill Pl.
Suite 600, PMB 6338
Novi, MI, 48375
313-509-7047
katrina@demartelaw.com
Attorney for Defendant

4

5

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system on July 21, 2022. I certify that all participants and those requesting notice in the case, who are registered CM/ECF users, shall have service accomplished by the CM/ECF system.

Date: July 21, 2022

*/s/ Katrina M. DeMarte*
Katrina M. DeMarte
(CO Bar No. 43135; MI Bar No. P81476)
**DeMarte Law PLLC**
39555 Orchard Hill Pl.
Suite 600, PMB 6338
Novi, MI, 48375
313-509-7047
katrina@demartelaw.com
Attorney for Defendant - *National Credit Systems, Inc.*

5