# Incident Report
## FORT WORTH POLICE DEPARTMENT



505 W. Felix St.
Fort Worth, Texas 76115
817-392-4200

Reported Date
**4/12/2011 14:31**
Nature of Call
**Fraud**
Officer
**LUNA,M #166467**

## ADMINISTRATIVE INFORMATION

| Agency | | Case No | Reported Date | Reported Time |
|---|---|---|---|---|
| **FORT WORTH POLICE DEPARTMENT** | | **110035875** | **4/12/2011** | **14:31** |
| Status | | Nature of Call | | |
| **FR** | | **Fraud** | | |
| Offense Location | | City | Zip Code | Rep Dist |
| **1700 WINDSONG TRL #733** | | **FW** | **76120** | **J080** |

| Area | Zone | Dates of Occurrence | Time of Day | |
|---|---|---|---|---|
| **E** | **E1** | **4/12/2011** | **14:00** | |
| Reporting Officer | | | Assignment | |
| **LUNA,M #166467** | | | **ASDA** | |

## VICTIM SUMMARY

| ANDREWS,BRANDY R | | | | | | |
|---|---|---|---|---|---|---|
| Involvement | City | State | Zip Code | Race | Sex | Age |
| **VIC** | **FW** | **TX** | **76120** | **B** | **F** | **21** |

## ARRESTED PERSON

| Name | | MNI | Race | Sex | Age |
|---|---|---|---|---|---|
| **ALLEN-GREEN,LAQUENCILLA** | | **1843078** | **B** | **F** | **28** |

| Address | City | State | Zip Code | Booking No |
|---|---|---|---|---|
| | | | | |

| Arrest Date / Time | Book Date / Time |
|---|---|
| **1/9/2014 14:08** | **1/9/2014 14:08** |

## CHARGES SUMMARY

| Charge | Charge Description | Warrant # |
|---|---|---|
| **PC 32.51** | **Fraud Use Poss of ID Info 26040038** | **11F002109** |

## SUMMARY NARRATIVE

Call Screen:
On 04/12/11, at 1431 hours, contact was made with VIC.
VIC stated she lost her wallet, which had her identification in it, last year and filed a report with Arlington PD. VIC stated that since she lost her wallet, her identification has been fraudulently used. VIC stated through research, she discovered SUS got a vehicle (SUS vehicle) in her name and has used her name when she received tickets and had an accident. VIC stated the accident occurred on 02/13/11, in a parking lot at Green Oaks and Collins in Arlington. VIC stated she lost checks as well and SUS wrote checks to herself and forged VIC's signature on the check. VIC stated she does not know SUS.

WARD_ROBBIN_SEPTEMBER 7, 2022 BATES PRODUCTION NO. 527

VIC was given the report number.
L126

# Incident Report
## FORT WORTH POLICE DEPARTMENT



505 W. Felix St.
Fort Worth, Texas 76115
817-392-4200

# 110035875

Reported Date
**4/12/2011**
Nature of Call
**Fraud**
Officer
**LUNA,M #166467**

**9/7/2022 11:57:37 AM**

| ADMINISTRATIVE INFORMATION | | | | |
|---|---|---|---|---|
| Agency | | Case No | Reported Date | Reported Time |
| **FORT WORTH POLICE DEPARTMENT** | | **110035875** | **4/12/2011** | **1431** |
| Status | | Nature of Call | | |
| **Data Reporting Unit (Old DECOR Unit)** | | **Fraud** | | |
| Offense Location | | City | Zip Code | Rep Dist | Council Dist |
| **1700 WINDSONG TRL #733** | | **FW** | **76120** | **J080** | |
| District | Beat | Dates of Occurrence | Time of Day | |
| **E** | **E1** | **4/12/2011** | **1400** | |
| Reporting Officer | | Assignment | | |
| **LUNA,M #166467** | | **DRU 1st Shift** | | |

| CASE ASSIGNMENT | | | | | |
|---|---|---|---|---|---|
| Investigator | Assignment | Office | Assignment Date | Status | Disposition |
| **FINCHER,A #3364** | **Fraud** | **817-392-4455** | **4/13/2011** | **C** | **AA** |

| OFFENSES | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| # Offenses | Offense | Description | IBRS | A/C | Use | Bias | Location Type | MOE | Weapon(s) |
| 1 | PC 32.51 | Fraudulent Use/Poss | 26C | C | Not applicable | No bias | Residence, home | N/A | N/A |

| PERSONS SUMMARY | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Involvement | Name | Race/Sex | DOB | Current Age | Height | Weight | Hair | Eyes |
| SUS | ALLEN-GREEN,LAQUENCILLA | F/B | ███ | 37 | | | | |
| VIC | ANDREWS,BRANDY R | F/B | ███ | 32 | | | | |
| ARR | ALLEN-GREEN,LAQUENCILLA | F/B | ███ | 37 | | | | |

| VICTIM SUMMARY | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **ANDREWS,BRANDY R** | | | | | | | | | | | | |
| Involvement | Address | City | State | Zip Code | Race | Sex | DOB | Age | Current Age | Dom Violence? | Means of Attack | Injury |
| **VIC** | **1700 WINDSONG TRL #733** | **FW** | **TX** | **76120** | **B** | **F** | ███ | **21** | **32** | | | **N/A** |

WARD_ROBBIN_SEPTEMBER 7, 2022 BATES PRODUCTION NO. 529

## SUSPECT SUMMARY

ALLEN-GREEN,LAQUENCILLA

| Involvement | Address | City | State | Zip Code | Race | Sex | DOB | Age | Current Age |
|---|---|---|---|---|---|---|---|---|---|
| SUS | 2712 FURRS ST #280 | ARLINGTON | TX | 76006 | B | F | █████ | 25 | 37 |

## ARRESTED PERSON

| Name | | MNI | Race | Sex | DOB | Age |
|---|---|---|---|---|---|---|
| ALLEN-GREEN,LAQUENCILLA | | 1843078 | B | F | █████ | 37 |

| Address | City | State | Zip Code | Booking No |
|---|---|---|---|---|
| | | | | |

| Arrest Date | Book Date |
|---|---|
| 1/9/2014 | 1/9/2014 |

### CHARGES SUMMARY

| Charge | Charge Description | Warrant # |
|---|---|---|
| PC 32.51 | Fraud Use Poss of ID | 11F002109 |

## VEHICLE SUMMARY

| Involvement | Year | Make | Model | LP # | LP State | VIN |
|---|---|---|---|---|---|---|
| SUS | 2002 | MITS | DIA | █████ | TX | |

| Style | Color | Value | General Condition at Time of Recovery |
|---|---|---|---|
| 4D | WHI | | |

| Recovery Location | Recovery City | Rcvy St | Recovery Value | Damage at Time of Recovery |
|---|---|---|---|---|
| | | | | |

## VEHICLE-ASSOCIATED PERSONS

| Link | Involvement | Name | Vehicle Summary |
|---|---|---|---|
| Driver | SUS | ALLEN-GREEN,LAQUENCILLA | 2002 MITS DIA 4D WHI █████ |

## PROPERTY SUMMARY

| Involvement | Qty | Type | Category | Article | Brand | Model | Serial # | Value | Tag | Item # | Custody? | Storage | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| STN | | A | I | IDENTI | | | | N/A | | | N | | FRAUDULENT USE OF IDENTIFICATION |
| | | | | | | | Total: | N/A | | | | | |

## SUMMARY NARRATIVE

Call Screen:

On 041211, at 1431 hours, contact was made with VIC.

VIC stated she lost her wallet, which had her identification in it, last year and filed a report with Arlington PD. VIC stated that since she lost her wallet, her identification has been fraudulently used. VIC stated through research, she discovered SUS got a vehicle (SUS vehicle) in her name and has used her name when she received tickets and had an accident. VIC stated the accident occurred on 021311, in a parking lot at Green Oaks and Collins in Arlington. VIC stated she lost checks as well and SUS wrote checks to herself and forged VIC's signature on the check. VIC stated she does not know SUS.

VIC was given the report number.

L126

---

## REPORT NARRATIVE(S)

Supplement #0000 - LUNA,M 166467 - 4/12/2011

Call Screen:
On 041211, at 1431 hours, contact was made with VIC at phone #817-908-7622.
VIC stated she lost her wallet, which had her identification in it, last year and filed a report with Arlington PD (Report #100029627). VIC stated that since she lost her wallet, her identification has been fraudulently used. VIC stated through research, she discovered SUS got a vehicle (SUS vehicle) in her name and has used her name when she received tickets and had an accident. VIC stated the accident occurred on 021311, in a parking lot at Green Oaks and Collins in Arlington. VIC stated she lost checks as well and SUS wrote checks to herself and forged VIC's signature on the check. VIC stated she does not know SUS.
VIC was given the report number.
L126

Supplement #0001 - FINCHER,A 3364 - 8/18/2011

As a result of my investigation, I have good reason to believe and do believe that on or about the 13th day of February, 2011, in Fort Worth, Tarrant County, Texas, Laquencilla A. Allen-Green, a black female ▮▮▮▮▮▮▮▮ did then and there commit the offense of

FRAUDULENT USEPOSSESSION IDENTIFYING INFORMATION, in that she did then and there, with the intent to defraud another, obtain, possess or use identifying information, to-wit used a car insurance policy number obtained using the identification information of another person without that person's consent, namely Brandy Andrews, when exchanging insurance information after an accident.

My belief is based upon the following facts and information:

That on 081910 ICM Insurance Company ▮▮▮▮▮▮▮▮▮▮ was opened using Victim Andrew's maiden name, date of birth and Texas driver's license number. The policy period was from 081910 to 091910. The next month a statement was mailed under policy ▮▮▮▮▮▮▮ but no more payments were made and the policy was cancelled.

That on 021311 Witness Ellis Elliot was driving in the Tom Thumb parking lot at 2755 N. Collins St., Arlington, Tarrant County, Texas when another car, driven by Suspect Laquencilla Allen-Green, backed into her vehicle. The Suspect told Witness Elliot that her name was Brandy Bass and she had automobile insurance with ICM▮▮▮▮▮▮▮▮▮▮▮ They exchanged phone numbers and left the scene. Witness Elliot reported the accident to her insurance company and the total amount of loss was $2,372.77.

That on 041211 Victim Brandy Andrews filed Fraudulent UsePossession of ID Information report #11-35875 with the Fort Worth Police Department. Victim Andrews had lost her wallet and filed a report with the Arlington Police Department on 051110. The wallet contained her identification information under her maiden name, Bass. Shortly after she lost her wallet several of the victim's lost checks were cashed. The checks had been made out to Laquencilla Green and the Victim's name was forged on the check. The Victim later received a collection letter from Allstate Insurance stating she owed money for losses incurred during a car accident on 021311. The Victim suspected that the same person who forged her checks had used her identity when she was in a car accident. The Victim said she did not own a car and did not have nor need automobile insurance during the time when her wallet was lost and when the accident occurred.

That on 041311 I, Detective A.L. Fincher I.D. 3364, was assigned this case for follow up investigation.

That on 042111 I presented a photo line-up consisting of Suspect Allen-Green and five other black females to Witness Elliot. The Witness identified the Suspect as the person who identified herself as Brandy Bass when they exchanged information after an accident on 021311.

That on 042611 I received a signed and notarized Fraudulent UsePossession of Identifying Information Affidavit from Victim Andrews stating no one had permission to use her name, date of birth or driver's license number.

Arrest warrant #11-35875 has been issued for Suspect Allen-Green's arrest.

Sgt. Loughman

Supplement #0002 - GRAY,G 1987 - 1/10/2014

On 011014 Officer G.R. Gray 1987, assigned to the Fugitive Unit of the Fort Worth Police Department, received a cancellation of warrant 11F002109. The warrant cancellation indicated that the ARR was arrested on 010914 by Irving Police and has since posted bond on the warrant.
Sgt. Abbott


Supplement #0003 - FINCHER,A 3364 - 2/5/2014

On 011014 I was notified that the Suspect had been arrested. I will prepare a case packet to submit to the Tarrant County DA. This case is closed, cleared by arrest.

Sgt Enright

WARD_ROBBIN_SEPTEMBER 7, 2022 BATES PRODUCTION NO. 532

NAME  LAQUENCILLA ALLENGREEN

ADDRESS    2601 FRANKFORD

    DALLAS TX 75287

RACE  B    SEX  F    AGE 28    DOB  7/8/1985

CASE NO.  1358587    DATE FILED    2/8/2014

CID NO.    0842129

OFFENSE  FRAUD USE/POSS IDENT INFO <5

DATE  8/19/2010

I.P. BRANDY ANDREWS

AGENCY Fort Worth PD

OFFENSE NO.  11-35875

COURT 371st District Court

COMPLAINT NO.    1358587

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

Before me, the undersigned Assistant District Attorney of Tarrant County, Texas, this day personally appeared the undersigned affiant, who upon his oath says that he has good reason to believe and does believe that in the County of Tarrant and State of Texas LAQUENCILLA ALLENGREEN, hereinafter called Defendant, in the County of Tarrant and State aforesaid on or about the 19th day of August 2010, did

THEN AND THERE, WITH INTENT TO HARM OR DEFRAUD ANOTHER, OBTAIN, POSSESS OR USE IDENTIFYING INFORMATION, TO-WIT: THE NAME OF ANOTHER PERSON, NAMELY, BRANDY ANDREWS AND WITHOUT THE CONSENT OF THE SAID BRANDY ANDREWS,

PARAGRAPH TWO:  AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE DEFENDANT IN THE COUNTY OF TARRANT AND STATE AFORESAID ON OR ABOUT THE 19TH DAY OF AUGUST, 2010, DID THEN AND THERE, WITH INTENT TO HARM OR DEFRAUD ANOTHER, OBTAIN, POSSESS OR USE IDENTIFYING INFORMATION, TO-WIT: A GOVERNMENT-ISSUED IDENTIFICATION NUMBER, TO-WIT: A TEXAS DRIVER'S LICENSE NUMBER OF ANOTHER PERSON, NAMELY, BRANDY ANDREWS AND WITHOUT THE CONSENT OF THE SAID BRANDY ANDREWS,

Filed (Clerk's use only)

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

FEB 1'0 2014

TIME  2:38pm
BY  ROI  DEPUTY

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Sworn to and subscribed before me on this the *10TH* day of *February 2014*

Affiant

COMPLAINT

Assistant District Attorney of
Tarrant County, Texas

WARD_ROBERT 00000 R 1/2022 BATES PRODUCTION NO. 533

THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

№ 1040

BAIL BOND

THE STATE OF TEXAS COUNTY OF _Tarrant_

VS.

Irving     _LaQuencilla     Allen-Green_

**Cowboy   Bail   Bonds**

FEB 19 2014

TIME _4:17 PM_

BY _____ DEPUTY

MISD: _____     RACE: _B_     SEX: _F_     DOB: _7-8-85_     FELONY: _____

JUDGE   :

DATE   : _1-9-14_

BNO # _1400258_

FT. WORTH PD   CASE # _11 F002109_

KNOW ALL MEN BY THESE PRESENTS: THAT WE, _LaQuencilla     Allen-Green_, AS PRINCIPAL, AND UNDERSIGNED **_BANKERS   INSURANCE COMPANY,_** AS SURETY, ARE HELD FIRMLY BOUND UNTO THE STATE OF TEXAS IN THE PENAL SUM OF _two thousand_ DOLLARS ($ _2,000_ ) AND IN ADDITION THERETO, WE ARE BOUND  FOR THE  PAYMENT OF ALL FEES AND EXPENSES THAT MAY BE INCURRED BY ANY PEACE OFFICER IN RE-ARRESTING THE SAID PRINCIPAL IN THE EVENT ANY OF THE STATED CONDITIONS OF THIS BOND ARE VIOLATED FOR THE PAYMENT OF WHICH SUM OR SUMS WILL AND TRULY TO BE MADE, WE DO BIND OURSELVES, AND EACH OF US, OUR HEIRS, EXECUTORS AND ADMINISTRATORS, JOINTLY AND SEVERALLY.  THE CONDITION OF THIS BOND IS THAT THE DEFENDANT HAS BEEN CHARGED WITH _Fraud ID_ AND TO SECURE HIS RELEASE FROM CUSTODY IS ENTERING INTO THIS OBLIGATION BINDING HIM TO MAKE A PERSONAL APPEARANCE (INSTANTER) BEFORE COURT TO WHICH THE SAME MAY BE TRANSFERRED AND BASED ON SAID CHARGE. HABEAS CORPUS WITH WRIT-THAT IS SAID PRINCIPAL SHALL WELL AND TRULY APPEAR IN THE _____ COURT OF _____, TEXAS, __AM., ON THE ____ DAY OF _instanter_, A.D. 20__ IN THE COURTROOM OF SAID COURT, IN THE COURTHOUSE IN THE CITY OF _____, _____ County, TEXAS PURSUANT TO THE ORDER OF THE JUDGE THIS DAY MADE, GRANTING A WRIT OF HABEAS CORPUS ON APPLICATION OF SAID PRINCIPAL, IT HAVING BEEN CALLED TO HIS ATTENTION THAT SAID PRINCIPAL IS RESTRAINED OF HIS LIBERTY BY A PEACE OFFICER OF _____ COUNTY, TEXAS, UNDER  ACCUSATION OF SAID CHARGE AGAINST THE LAWS OF THE STATE OF TEXAS, SAID WRIT BEING DEPART THERE FROM WITHOUT LEAVE OF SAID COURT, PENDING EXAMINATION OF AND HEARING OF SAID WRIT, IN ORDER TO ABIDE FINAL DETERMINATION THEREOF BY SAID COURT.

I, **_BANKERS   INSURANCE COMPANY, SURETY,_** DO SWEAR THAT I AM WORTH AT LEAST THE SUM OF $ _4,000_ DOLLARS, AFTER DEDUCTING FROM MY PROPERTY ALL THAT WHICH IS EXEMPT BY THE CONSTITUTION AND LAWS OF THE STATE FROM FORCED SALE, AND AFTER PAYMENT OF ALL MY DEBTS, WHETHER INDIVIDUAL OR SECURITY DEBTS, AND AFTER SATISFYING ALL ENCUMBRANCES UPON MY PROPERTY WHICH ARE KNOWN TO ME, AND THAT I RESIDE IN ROCKWALL COUNTY AND HAVE PROPERTY IN THIS STATE LIABLE TO EXECUTION WORTH SAID AMOUNT, OR MORE, AND THAT I PERSONALLY SIGNED MY NAME AS EXECUTING AGENT FOR SURETY TO THIS BOND.  I FURTHER SWEAR THAT TO THE BEST OF MY KNOWLEDGE THERE ARE NO OUTSTANDING JUDGEMENTS IN DALLAS COUNTY, TEXAS, OR ELSEWHERE AGAINST THE AFFIANT AND THAT THE AFFIANT MAKES THIS STATEMENT FOR THE EXPRESS PURPOSE OF INDUCING THE APPROVAL AND ACCEPTANCE OF SAID BOND WITH BANKERS  AS A SURETY THEREON, WELL KNOWING, BELIEVING AND INTENDING THAT THE MAKING OF THIS STATEMENT WILL INDUCE THE OFFICIAL CHARGED WITH THE DUTY OF ACCEPTING AND APPROVING SAID BOND TO ACCEPT AND APPROVE THE SAME, AND THAT ALL STATEMENTS HEREIN ARE TRUE TO THE BEST OF MY KNOWLEDGE, SO HELP ME GOD.

PRINCIPAL

ADDRESS _2601 Frankford_
CITY _Dallas_ ST _TX_ ZIP _75287_

PHONE _469-531-8101_

JAILER _C1981 Irving PD_     AGENCY

TAKEN AND APPROVED BY ME THIS _20_ DAY OF _JAN_, 20 _14_

_Anderson_ SHERIFF _Tarrant_ COUNTY
BY: _R Fults_ DEPUTY

GLENDA S. MOONEY
Notary Public, State of Texas
My Commission Expires
September 27, 2014

**BANKERS INSURANCE COMPANY,    SURETY**

**BUCKLEY CHAPPELL, Agent, DBA Cowboy Bail Bonds,** AFFIANT - SURETY

ADDRESS     _314 S. Riverfront Blvd._

CITY **_Dallas_**     ST **_Texas_**     ZIP _75207_
PHONE     _214-741-7600_

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS THE _9_ DAY OF _January_, 20 _14_.

NOTARY PUBLIC IN AND FOR DALLAS CO, TX

BONDSMAN   ACCOUNT #   _1088_   _12450_

WARD_ROBBIN_SEPTEMBER 7, 2022 BATES PRODUCTION NO. 534

## STATE OF TEXAS
## COUNTY OF DALLAS

I certify that I know the sureties whose names are signed to the within bond indemnity, that they are solvent and have money or certificates of deposit in Dallas County, not subject to execution, worth $ 4 000 _____ or more and if this bond were presented would approve same. I further certify that _____ is a (Attorney) (Licensed Bondsman) for Dallas County and bears (account) (license) number \_\_\_\_ 1088 _____

## LUPE VALDEZ, SHERIFF
## DALLAS COUNTY, TEXAS

By_____
                                                Deputy

WARD_ROBBIN_SEPTEMBER 7, 2022 BATES PRODUCTION NO. 535

**BAIL ONLY**
**POWER AMOUNT**
**$5500.00**

## BANKERS INSURANCE COMPANY

561564135 - 3

P.O. Box 33015 • St. Petersburg, Florida 33733 • 800-627-0000

POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS: that Bankers Insurance Company, a corporation duly organized and existing under the laws of the State of Florida, has made pursuant to Article IV, Section 11 of the By-Laws, which was adopted by the Directors of the said company, and is now in effect, does constitute and appoint, and by these presents does make, constitute and appoint below named agent its true and lawful Attorney-In-Fact for it and in its name, place and stead, to execute, seal and deliver for and on its behalf and as its act and deed, as surety, a bail bond only. Authority of such Attorney-In-Fact is limited to appearance bonds and **cannot be construed to guarantee defendant's future lawful conduct, adherence to travel limitation, fines, restitution, payments or penalties, or any other condition imposed by a court not specifically related to court appearance.**

**This Power of Attorney is for use with Bail Bonds only. Not valid if used in connection with Federal Immigration Bonds. This power void if altered or erased, void if used with other powers of this company or in combination with powers from any other surety company, void if used to furnish bail in excess of the stated face amount of this power, and can only be used once.**
THE OBLIGATION OF THE COMPANY SHALL NOT EXCEED THE SUM OF THIS STATED FACE AMOUNT, AND PROVIDED THIS Power of Attorney is filed with the bond and retained as a part of the court records. The said Attorney-In-Fact is hereby authorized to insert in this Power of Attorney the name of the person on whose behalf this bond was given.

IN WITNESS WHEREOF, BANKERS INSURANCE COMPANY has caused these presents to be signed by its duly authorized officer, proper for the purpose and its corporate seal to be hereunto affixed this _____9th_____ day of _____January_____, _____2014_____.

Bond Amount $ _____2000._____  Appearance Date _____

Defendant _____Laguencilla  Allen-Green_____

S.S.# _____  D.O.B. _____7/8/85_____

Case # _____11  F002109_____

Court _____

City _____FRAUD  ID_____  State _____

Offense _____FRAUD  ID_____

If Rewrite, Original # _____

Executing Agent _____

BIC9920050707

**BANKERS INSURANCE COMPANY**

WILBUR L. MARTIN IV, *President*

IT IS UNLAWFUL TO PRINT THIS FORM WITHOUT WRITTEN CONSENT OF HOME OFFICE

02/28/2014 FRI 8:55 FAX                                                        ☑001/001

# ROBINIUS ✶ HARPER ✶ WIETZEL, L.L.P.

## A Registered Limited Liability Partnership
### Attorneys and Counselors at Law

| | |
|---|---|
| MARK R. ROBINIUS | AARON C. HARPER |
| MATTHEW ESPINOSA | GLEN A. WIETZEL |
| TIMOTHY MOORE | OF COUNSEL: |
| SULEMA RETANA | WILSON E. HODGE |
| LAURA PHELAN | MONIQUE J. BRACEY |

### FEBRUARY 28TH, 2014

*Sent Via Facsimile Transmittal: 817-212-7567*

Coordinator
371ST DISTRICT COURT
TARRANT COUNTY
401 West Belknap
5th Floor
Fort Worth, Texas 76196

THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS
FILED
FEB 28 2014
TIME
BY
DEPUTY

> RE:    CLIENT:    **LAQUENCILLA ALLEN-GREEN**
>        DOB:       07/08/1985
>        OFFENSE:   1358587 FRAUD

Dear Court Clerk,

This letter is to inform you Court that LAQUENCILLA ALLEN-GREEN has hired our firm to represent him on the above-referenced matter(s). Please notify our offices immediately of any grand jury hearing date and send all correspondence and court settings directly to my office.

If you have any questions and/or concerns, please do not hesitate to contact me directly at the number below.

With Kind Regards,

Kimberly C. Rowe,
Legal Assistant for
MARK R. ROBINIUS, Attorney At Law
SBOT: 24025865

*1940 Forest Lane, Ste. B ✶Garland, Texas 75042 ✶Tel. (972)487-3785 Fax (972)205-9421*

WARD_ROBBIN_SEPTEMBER 7, 2022 BATES PRODUCTION NO. 537

NAME  LAQUENCILLA ALLENGREEN

ADDRESS    2601 FRANKFORD

              DALLAS TX 75287

RACE  B    SEX F    AGE 28    DOB  7/8/1985

CASE NO.  1358587    DATE FILED        2/8/2014

CID NO.    0842129

OFFENSE  FRAUD USE/POSS IDENT INFO <5

DATE   8/19/2010

I.P.  BRANDY ANDREWS


AGENCY  Fort Worth PD

OFFENSE NO.  11-35875

COURT 371st District Court

INDICTMENT NO.  1358587

---

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

**THE GRAND JURORS OF TARRANT COUNTY, TEXAS,**

duly elected, tried, empaneled, sworn, and charged to inquire of offenses committed in Tarrant County, in the State of Texas, upon their oaths do present in and to the        297th DISTRICT COURT


of said County that LAQUENCILLA ALLENGREEN, hereinafter called Defendant, in the County of Tarrant and State aforesaid, on or about the 19th day of August 2010, did


THEN AND THERE, WITH INTENT TO HARM OR DEFRAUD ANOTHER, OBTAIN, POSSESS OR USE IDENTIFYING INFORMATION, TO-WIT: THE NAME OF ANOTHER PERSON, NAMELY, BRANDY ANDREWS AND WITHOUT THE CONSENT OF THE SAID BRANDY ANDREWS,

PARAGRAPH TWO:  AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE DEFENDANT IN THE COUNTY OF TARRANT AND STATE AFORESAID ON OR ABOUT THE 19TH DAY OF AUGUST, 2010, DID THEN AND THERE, WITH INTENT TO HARM OR DEFRAUD ANOTHER, OBTAIN, POSSESS OR USE IDENTIFYING INFORMATION, TO-WIT: A GOVERNMENT-ISSUED IDENTIFICATION NUMBER, TO-WIT: A TEXAS DRIVER'S LICENSE NUMBER OF ANOTHER PERSON, NAMELY, BRANDY ANDREWS AND WITHOUT THE CONSENT OF THE SAID BRANDY ANDREWS,

Filed (Clerk's use only)

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

APR 1 1 2014

TIME___12:25___
BY_____ DEPUTY

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Criminal District Attorney
Tarrant County, Texas
INDICTMENT - ORIGINAL

_____
Foreman of the Grand Jury

Cause Number: 1358587

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE 371ST JUDICIAL** |
| | § | |
| **Vs.** | § | **DISTRICT COURT OF** |
| | § | |
| **ALLENGREEN,LAQUENCILLA** | § | **TARRANT COUNTY, TEXAS** |

### STATE'S ANNOUNCEMENT OF READY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas by and through her representative the Criminal

District Attorney of Tarrant County, Texas in the above styled and numbered case and

announces to the Court that the State is ready for trial.


Respectfully submitted,

JOE SHANNON, JR.
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS


_____
ASSISTANT CRIMINAL DISTRICT ATTORNEY


FILED
THOMAS A. WILDER, DISTRICT CLERK
TARRANT COUNTY, TEXAS

**April 11, 2014**

Time _____12:25 PM_____

By _____ Deputy

WARD_ROBBIN_SEPTEMBER 7, 2022 BATES PRODUCTION NO. 539



# NOTICE OF ATTORNEY REPRESENTATION

CAUSE NO(s): 1358567

COURT NO: 371

DATE: 5/7/14

THE STATE OF TEXAS

VS.

Lyyuincilla Allen-Green

*as local counsel/additional counsel*

I have been retained to represent the above referenced person for the offenses(s) that are currently pending against him/her in the criminal district courts. Please enter my name as the attorney of record on this/these cause number(s).

RESPECTFULLY,

Eric Lubovitz

(Please print name)

ATTORNEY CODE: E51

_____, ATTORNEY AT LAW

(Signature)

WARD_ROBBIN_SEPTEMBER 7, 2022 BATES PRODUCTION NO. 540

CASE NO. 1358587D

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 371ST |
| | § | |
| VS | § | DISTRICT COURT |
| | § | |
| LAQUENCILLA ALLEN GREEN AKA: | § | TARRANT COUNTY, TEXAS |
| LAQUENCILLA ALLENGREEN | | |

**ORDER ENTERING DEFENDANT'S TRUE NAME**

DATE OF ORDER: July 11, 2014

BE IT KNOWN that on this day, set forth above came on to be heard the Defendant in the above styled and numbered cause and suggested that his/her true name is:

LAQUENCILLA ALLEN GREEN

and asked that his/her name be changed from:

LAQUENCILLA ALLENGREEN

as alleged in the INDICTMENT.

IT IS THEREFORE ORDERED AND ADJUDGED that the Defendant's true name be entered into the minutes of the Court, and that all instruments and the INDICTMENT recite

LAQUENCILLA ALLEN GREEN

as the Defendant's true name.

Presiding Judge

Date Signed:    July 11, 2014

WARD_ROBBIN_SEPTEMBER 7, 2022 BATES PRODUCTION NO. 541



CASE NO.  1358587D        COUNT ONE
INCIDENT NO./TRN: 9185896977

| THE STATE OF TEXAS | § | IN THE 371ST DISTRICT COURT |
| | § | |
| v. | § | |
| | § | |
| LAQUENCILLA ALLENGREEN AKA LAQUENCILLA ALLEN GREEN | § | TARRANT   COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX50422941 | § | |

# ORDER OF DEFERRED ADJUDICATION

| Judge Presiding: | **HON. MOLLEE WESTFALL** | Date Order Entered: | **7/11/2014** |
| --- | --- | --- | --- |
| Attorney for State: | **JOE SHANNON, JR. ARTHUR CLAYTON** | Attorney for Defendant: | **ERIC LABOVITZ** |

Offense:
**FRAUD USE/POSSESSION IDENTIFY INFORMATION UNDER/5 ITEMS**

| Charging Instrument: **Indictment** | Statute for Offense: **32.51(C)(1)PC** |
| --- | --- |

Date of Offense:
**8/19/2010**

| Degree of Offense: **STATE JAIL FELONY** | Plea to Offense: **GUILTY** | Findings on Deadly Weapon: **N/A** |
| --- | --- | --- |

Terms of Plea Bargain:
**500 FINE, 5 YEARS DEFERRED ADJUDICATION, CC, CSR, TAIP/RP, RUA'S, TIPS, RESTITUTION TO ELLIS ELLIOT**

| Plea to 1st Enhancement Paragraph: **N/A** | Plea to 2nd Enhancement/Habitual Paragraph: **N/A** |
| --- | --- |
| Findings on 1st Enhancement Paragraph: **N/A** | Findings on 2nd Enhancement/Habitual Paragraph: **N/A** |

## ADJUDICATION OF GUILT DEFERRED;
## DEFENDANT PLACED ON COMMUNITY SUPERVISION.

### PERIOD OF COMMUNITY SUPERVISION: 5 Years.

| Fine: **$500.00 Not Suspended** | Court Costs: **$289.00** | Restitution: **$250.00 (see Cond. C.S.)** | Restitution Payable to: ☐ VICTIM (see below)   ☒ AGENCY/AGENT (see below) |
| --- | --- | --- | --- |

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A** .

| Time Credited: | **N/A DAYS** NOTES: N/A |
| --- | --- |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in TARRANT  County, Texas.  The State appeared by her District Attorney as named above.

Counsel / Waiver of Counsel  (select one)

Case No. 1358587D                              Page ____1____ of ____3____

WARD_ROBBIN_SEPTEMBER 7, 2022 BATES PRODUCTION NO. 542

☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

    Both parties announced ready for trial. Defendant waived the right of trial by jury and entered a plea as indicated above. The Court admonished the Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court FINDS such evidence substantiates Defendant's guilt. The Court FINDS that, in this cause, it is in the best interest of society and Defendant to defer proceedings without entering an adjudication of guilt and to place Defendant on community supervision.

    The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

    The Court ORDERS that Defendant is given credit noted above for the time spent incarcerated. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

    The Court ORDERS that no judgment shall be entered at this time. The Court further ORDERS that Defendant be placed on community supervision for the adjudged period so long as Defendant abides by and does not violate the terms and conditions of community supervision subject to the following terms and conditions set out in the attached Conditions of Community Supervision which is incorporated and made a part thereof. See TEX. CODE CRIM. PROC. art. 42.12 § 5(a).

### Furthermore, the following special findings or orders apply:

FINE IN THE AMOUNT OF $500.00, AND COURT COSTS IN THE AMOUNT OF $289.00, PAYABLE TO AND THROUGH THE CRIMINAL DISTRICT CLERK'S OFFICE OF TARRANT COUNTY, TEXAS

AGENCY FORWARDING RESTITUTION:
TARRANT COUNTY COMMUNITY SUPERVISION AND CORRECTIONS DEPARTMENT
200 WEST BELKNAP STREET
FORT WORTH, TX 76102

**Signed and entered on 7/18/2014**

X _____
JUDGE PRESIDING

WARD_ROBBIN_SEPTEMBER 7, 2022 BATES PRODUCTION NO. 543

CASE NO. 1358587        COUNT ONE
INCIDENT NO./TRN: 9185896977

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 371ST DISTRICT COURT |
| | § | |
| V. | § | |
| | § | |
| LAQUENCILLA ALLENGREEN | § | TARRANT COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX50422941 | § | Date: JUL 1 1 2014 |



Right Thumbprint

X _____  73164 _____

PERSON TAKING PRINT

# JUDGMENT AND SENTENCE
# FINGERPRINT PAGE

| Clerk | |
|---|---|
| ℟ᴜ | |

Page 3 of 3

WARD_ROBBIN_SEPTEMBER 7, 2022 BATES PRODUCTION NO. 544

# BILL OF COST

## CAUSE NO. 1358587D

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 371ST DISTRICT COURT |
| | § | |
| v. | § | |
| | § | |
| LAQUENCILLA ALLENGREEN | § | TARRANT COUNTY, TEXAS |
| AKA LAQUENCILLA ALLEN | | |
| GREEN | § | |

The total cost assessed in this case for court costs, fees and/or fines:

**COURT COST BREAKDOWN**

| | | | |
|---|---|---|---|
| Clerk Fees | $40.00 | Court Cost | $289.00 |
| DC Rec Pre&Auto | $2.50 | Attorney's Fees | $0.00 |
| DC Recs Tech | $4.00 | Fines | $500.00 |
| Sheriff Service | $10.00 | Reparation (Probation Fees) | $0.00 |
| Security Fees | $5.00 | | |
| Crim. Records | $22.50 | | |
| Jury Service FD | $4.00 | | |
| PO Arrest Fee | $50.00 | | |
| PO Commit/Rel | $5.00 | | |
| Ind DefenseFund | $2.00 | | |
| Jud Support-CRM | $6.00 | | |
| E-File Crim | $5.00 | | |
| CCC-Felony | $133.00 | | |
| **Total Court Cost Breakdown:** | $289.00 | **Total Cost Owed** | $789.00 |

## DISTRICT COURT OF TARRANT COUNTY, TEXAS

I hereby certify that the foregoing is a correct account of the **Court Costs, Fees and/or Fines adjudged against the Defendant** in the above entitled and numbered cause, up to 7/11/2014

Deputy, *Marisol J. Bonilla*
**Thomas A. Wilder, District Clerk**
Tarrant County, Texas



Page _____ of _____

WARD_ROBBIN_SEPTEMBER 7, 2022 BATES PRODUCTION NO. 545

CID # 0842129

NO. 1358587

| | | |
|---|---|---|
| THE STATE OF TEXAS | )( | IN THE 371st DISTRICT |
| VS. | )( | COURT OF |
| LAQUENCILLA ALLEN GREEN | )( | TARRANT COUNTY, TEXAS |

*FILED THOMAS A. WILDER, DIST. CLERK TARRANT COUNTY, TEXAS*

*JUL 11 2014*

*TIME _____ BY _____ DEPUTY*

**CONDITIONS OF COMMUNITY SUPERVISION**

☐    ADJUDICATED                                    ☒    DEFERRED ADJUDICATION

You have been placed on community supervision as an alternative to incarceration on this 11th day of July, 2014, for the period of 5 year(s), having been sentenced for ---- year(s), for the offense of FRAUD USE/POSS IDENT INFO by the Honorable Mollee Westfall, Judge in 371st District Court, Tarrant County, Texas.

**It is the order of the court that you shall comply with the following terms and conditions of community supervision:**

1.    Commit no offense against the laws of this State or of any other State or of the United States.

2.    Avoid injurious or vicious habits and abstain from the illegal use of controlled substances, marijuana, cannabinoids or consumption of any alcoholic beverage.

3.    Report to the Tarrant County CSCD Assessment Unit as directed and complete treatment / programs as required.

4.    Avoid persons and places of disreputable or harmful character.

5.    Report to the Community Supervision and Corrections Department of Tarrant County, Texas, immediately following this hearing, and no less than monthly thereafter, or as scheduled by the court or supervision officer and obey all rules and regulations of the department.

6.    Permit the supervision officer to visit you at your home or elsewhere at any time.

7.    Work faithfully at suitable employment and furnish proof of employment to your supervision officer.

8.    Remain within Tarrant County, or contiguous counties, unless the court or supervision officer authorizes you to leave.

9.    Support your dependents.

10.    Provide a valid and accurate address to the Community Supervision and Corrections Department of Tarrant County, Texas, immediately following this hearing, and at all times during the period of community supervision. Notify the supervision officer of Tarrant County, Texas, if your address or employment is changed within five days from the date of change.

11.    Do not possess, own, or attempt to purchase a firearm or weapon.

12.    Pay the following to and through the Community Supervision and Corrections Department of Tarrant County, Texas. The first payment below is to be made by the 15th of August, 2014, and like payments on the 15th day of each month thereafter until full payments are made. (unless otherwise specified)

    a.    RESTITUTION in the amount of $250.00, at the rate of $50.00 per month.

    b.    SUPERVISION FEE in the amount of $60.00, each month during the period of supervision.

    c.    CRIME STOPPERS FEE in the amount of $50.00 to be paid within 30 days from the date shown above.

CSC 412 – Felony-Basic                    REV. 04/06                    Page 1 of 3

CID # 0842129

**NO. 1358587**

d. ☐   FAMILY VIOLENCE FEE in the amount of $100.00 to be paid within 60 days from the date shown above.

Pay the following to and through the District Clerk of Tarrant County, Texas:

e.     FINE                    $500
       COURT COSTS             $_289_
       ATTORNEY FEE            $_____

13.   Execute a waiver of extradition.

14.   If supervision is transferred to another jurisdiction, continue to report to Tarrant County in the manner prescribed by the supervision officer, comply with the rules and regulations of the receiving jurisdiction and the rules of the Interstate Commission for Adult Offender Supervision. Pay fees to Tarrant County, as ordered, unless waived by the court.

15.   Complete 120 hours of community service restitution at the rate of no fewer than 20 hours per month as directed by the court or supervision officer.

16.   Submit a valid, non-dilute, non-adulterated urine, hair, blood, breath, or saliva sample for testing for controlled substances, alcohol, and cannabinoids according to the time and manner as directed by the supervision officer and pay for testing as required.

17.   Provide proof of GED or high school diploma or complete education programs as directed by the supervision officer.

18.   Do not use, possess or consume any alcoholic beverage. Do not refuse a breath, blood, urine or field sobriety test as requested by a peace officer or supervision officer.

19.   Participate in and successfully complete the program(s) and/or condition(s) indicated below, pay all fees required, and continue to participate and/or comply until released by the court:

a.   ☐   Consent to search of your person, residence, business, and any vehicle or container under your control by any peace or supervision officer without prior notice or search warrant to determine your compliance with the conditions of supervision and laws of this State.
         Any contraband found to be in your possession will be subject to seizure.

b.   ☐   Observe a curfew as directed by the court or supervision officer.

c.   ☐   No contact with _____ in any manner.

d.   ☐   Electronic monitoring/home confinement for a period of _____ days beginning upon completion of equipment installation.
         Schedule to be set by the court or supervision officer.

         ☐   Smart Start IN-HOME        ☐   SOBERLINK        ☐   SCRAM
         ☐   GPS

e.   ☐   Confinement in Tarrant County Jail, _____ days, beginning _____, 20 .

CSC 412 – Felony-Basic                    REV. 04/06                    Page 2 of 3

WARD_ROBBIN_SEPTEMBER 7, 2022 BATES PRODUCTION NO. 547

NO. 1358587

CID # 0842129

f.  ☐ Other program(s)

☐ Batterer's intervention & prevention program    ☐ Anger control counseling

☐ Theft Intervention & Prevention Program    ☐ Parenting classes

☐ Psychological and/or psychiatric evaluation/treatment    ☐

g.  ☐    Submit a DNA sample to the Community Supervision and Corrections Department immediately
following this hearing or as instructed by the court or supervision officer.

h.  ☐    Supplement(s) / Amendments as attached

i.  ☐

j.  ☐

**You are advised that under the laws of this State, the court has determined and imposed the above terms and conditions of your community supervision, and may at any time during the period of community supervision alter or modify them. The court also has the authority, at any time during the period of community supervision; to revoke your community supervision for any violation of the conditions of your community supervision set out above.**

Judge

I have received my conditions of community supervision.

Witness: Supervision Officer

Defendant

Date    7/11/14

**COMMUNITY SUPERVISION AND CORRECTIONS DEPARTMENT
of TARRANT COUNTY**

**200 W. Belknap, Fort Worth, Texas  76102**

**Telephone:  (817) 884-2450        Office Hours:  7:30 a.m. to 5:30 p.m.        Monday – Friday**

CSC 412 – Felony-Basic                REV. 04/06                Page 3 of 3

WARD_ROBBIN_SEPTEMBER 7, 2022 BATES PRODUCTION NO. 548

CERTIFICATE OF PROCEEDINGS

CASE: 1358587   DATE: 7/11/14        DOCKET: 1358587D        CID: 0842129

DEFENDANT: ALLENGREEN, LAQUENCILLA                    WARRANT:
MICRO: *Allen Green, Laquencilla*    INDICTED: Y    DATE: 04/11/14

COURT: D371                HEARD: _____    TRANSFER COURT: _____

CHOV: __/__/__  I/O: ___  COUNTY: _____

CHARGE OFFENSE: 260442 FRAUD USE/POSS IDENT INFO  DATE: 08/19/10  LSR INC: ___

DISPOSITION OFFENSE: _____  _____

PLEA: PGBL                BOND TYPE: _____    FINE: _____

DISP: SJFD __/__/__       STATUS: _____    CT COST: _____

SENTENCE: ____/__/__      EVENT: _____    MISC: _____

ACTION: NTCC/TRUE                            DUE: __/__/__

PROB (MOS): 060 __/__/__  AMOUNT: _____    PAID: _____

                          FORFEIT: __/__/__

INST VERD: _____         BONDSMAN: _____ _____

PROCEEDINGS: $500 Fine + $289cc; TN entered
restitution- $250

_____

JUDGE/: _____    CLERK: _____
MAGISTRATE

SCANNED



NO. 1358587

THE STATE OF TEXAS    §

VS.    §

*Laquencilla Allen Green* §

THOMAS A WILDER, DIST. CLERK
FILED
TARRANT COUNTY, TEXAS
JUL 11 2014
TIME
BY _____ DEPUTY

IN THE 371ST

DISTRICT COURT

TARRANT COUNTY, TEXAS

## WRITTEN PLEA ADMONISHMENTS

On this *11* day of *July*, 20*14*, pursuant to the requirements of law, you, the defendant in this cause, are hereby admonished in writing as follows:

1. [✗] You are charged with the felony offense of *Fraudulent use Possession of*
Offense Code: *260442*    *Identifying information* Count: *ONE*

--OR--

[ ] The State is proceeding on the lesser-included offense of: _____

Offense Code: _____ Count: _____

2. The plea recommendation is: *500 fine, 5 years deferred adjudication, ICC*
*or THIP/RP/RIAC, TIPS, Restitution to Ellis Elliot*

3. If convicted of the above offense, you face the following range of punishment:

[ ] **FIRST DEGREE FELONY**: Imprisonment for life or any term of not more than 99 years or less than 5 years in the Texas Department of Criminal Justice; and in addition, a fine not to exceed $10,000 may be assessed.

[ ] **SECOND DEGREE FELONY**: Imprisonment for a term of not more than 20 years or less than 2 years in the Texas Department of Criminal Justice; and in addition, a fine not to exceed $10,000 may be assessed.

[ ] **THIRD DEGREE FELONY**: Imprisonment for a term of not more than 10 years or less than 2 years in the Texas Department of Criminal Justice; and in addition, a fine not to exceed $10,000 may be assessed.  (If the offense was committed before September 1, 1994, a term of confinement in a community correctional facility for a term of not more than one (1) year may be assessed in lieu of confinement in the institutional division).

[ ] **FIRST DEGREE FELONY ENHANCED**: Imprisonment for life or any term of not more than 99 years or less than 15 years in the Texas Department of Criminal Justice; and in addition, a fine not to exceed $10,000 may be assessed.

[ ] **SECOND DEGREE FELONY ENHANCED**: Imprisonment for life or any term of not more than 99 years or less than 5 years in the Texas Department of Criminal Justice; and in addition, a fine not to exceed $10,000 may be assessed.

[ ] **THIRD DEGREE FELONY ENHANCED**: Imprisonment for a term of not more than 20 years or less than 2 years in the Texas Department of Criminal Justice; and in addition, a fine not to exceed $10,000 may be assessed.

[ ] **HABITUAL OFFENDER**: Life or any term of not more than 99 years or less than 25 years in the Texas Department of Criminal Justice.

[✗] **STATE JAIL FELONY**:  Confinement for a term of not more than 2 years or less than 180 days in a state jail; and in addition, a fine not to exceed $10,000 may be assessed.

[ ] **STATE JAIL FELONY PUNISHED AS THIRD DEGREE FELONY**: Imprisonment for a term of not more than 10 years nor less than 2 years in the Texas Department of Criminal Justice; and in addition, a fine not to exceed $10,000 may be assessed.

[ ] **STATE JAIL FELONY PUNISHED AS SECOND DEGREE FELONY**: Imprisonment for a term of not more than 20 years or less than 2 years in the Texas Department of Criminal Justice; and in addition, a fine not to exceed $10,000 may be assessed.

Rev. January 1. 2014

WARD-ROBBIN SEPTEMBER 7, 2022 BATES PRODUCTION NO. 550

**[ ]    STATE JAIL FELONY REDUCED TO CLASS A MISDEMEANOR UNDER PENAL CODE
SECTION [   ] 12.44 (a):** confinement in the county jail for a term not to exceed one (1) year;
**OR [   ] 12.44(b):** confinement in the county jail not to exceed one year; and/or a fine not to
exceed $4,000 under either 12.44 (a) or 12.44 (b).

**[ ]    OTHER:** _____

4.    **Jury Trial:**   You are entitled to have a jury determine whether you are guilty or not
guilty; and if guilty, to assess your punishment.  Should you have more than one case
pending, you may have the cases tried separately.

5.    **Indictment:**   You do not have to stand trial until a grand jury has returned an
indictment against you. When an indictment is returned you will be given at least ten
days to consult with your attorney before trial.  You may request that the indictment
be read and explained to you in open court.  You are not obligated to give evidence
against yourself.  You may require the State to prove the elements of the offense by
competent, legal evidence beyond a reasonable doubt.  You and your attorney may
confront and cross-examine witnesses. You may subpoena witnesses into court to
testify in your behalf.

6.    **Plea Agreements:**   A plea agreement or recommendation of punishment is not binding
on the Court.  The Court may set punishment anywhere within the range provided by
law for this offense.  If there is a plea agreement, the Court will inform you in open
Court whether the agreement will be followed before making any finding on your plea.
Should the Court reject the agreement, you will be permitted to withdraw your plea
should you desire.  Recommendations concerning conditions of community supervision
are not binding on the Court.

7.    **No Plea Agreement (Open Plea):**  If you have plead guilty without benefit of a plea
agreement, the plea proceeding is your trial.  Should the Court find you guilty, your
punishment can be set anywhere within the range of punishment prescribed by law for
the offense.  If you are eligible you may receive deferred adjudication or community
supervision, but there is no assurance that you will.  Once the Court has accepted
your guilty plea, you cannot withdraw your plea without permission from the Court.

8.    **Permission to Appeal:** When the Court follows a plea agreement; you must obtain
permission of the Court before you can prosecute an appeal on any matter in the case,
except for matters raised by written motion filed prior to trial.  This Court seldom
consents to an appeal where conviction is based upon a guilty plea.  Where there is no
plea agreement, any appeal of your conviction is limited to jurisdictional issues; or to
non-jurisdictional issues arising after the entry of your guilty plea.

9.    **Citizenship:**  If you are not a citizen of the United States of America, a plea of guilty or
*nolo contendere* for this offense may result in deportation, the exclusion from
admission to this country, or the denial of naturalization under federal law.

10.    **Deferred Adjudication:** Should the Court defer adjudicating your guilt and place you on
community supervision, upon violation of any imposed condition, you may be arrested
and detained as provided by the law.  You will then be entitled to a hearing limited to
the determination by the Court, without a jury, whether to proceed with an adjudication
of your guilt upon the original charge.  This determination is reviewable in the same
manner as a revocation hearing in a case in which an adjudication of guilt had not been
deferred.   Upon adjudication of your guilt, the Court may assess your punishment
anywhere within the range provided by law for this offense.  After adjudication of guilt,
all proceedings including assessment of punishment, pronouncement of sentence,
granting of community supervision and your right to appeal continue as if adjudication of
guilt had not been deferred.

If you are receiving deferred adjudication for an offense described by Art. 42.12 Sec.
13B (b), TEX. CODE OF CRIMINAL PROCEDURE, the Court finds that placing you on community
supervision is in the best interest of the victim and that you have not before had
community supervision for such an offense.

Upon receiving discharge and dismissal of deferred adjudication community supervision
under Sec. 5(c), Art.42.12, TEX. CODE OF CRIMINAL PROCEDURE, and unless you are

Rev. January 1. 2014                          WARD_ROBBIN_SEPTEMBER 7, 2022 BATES PRODUCTION NO. 551

ineligible because of the nature of the offense for which you are placed on deferred adjudication community supervision, or because of your criminal history, you may have a right to petition the Court for an order of nondisclosure under Section 411.081, TEX. GOVERNMENT CODE.

11. **Community Supervision:** If the Court grants you community supervision as opposed to deferred adjudication, upon violation of any imposed condition, you may be arrested and detained as provided by law. You will then be entitled to a hearing limited to the determination by the court, without a jury, whether to revoke your community supervision and sentence you to confinement for a period of time not to exceed that originally assessed by the Court at the time you were found guilty.

12. **Sex Offender Registration Requirement:** If you receive a conviction or a deferred adjudication for a sexual offense listed in Chapter 62, TEX. CODE OF CRIMINAL PROCEDURE, you will be required to meet the sexual offender registration requirements set out in that Chapter. You will also be subject to the driver's license application procedures listed in Art. 42.016, TEX. CODE OF CRIMINAL PROCEDURE.

13. **Parole:** Neither the Court nor your attorney make any promises or representations about the amount of actual time you will serve on a sentence of incarceration in the Institutional Division or the State Jail Division of the Texas Department of Criminal Justice. Neither the Court nor your attorney makes any representation about the disposition of any parole revocation hearing.

14. **Preservation of Evidence:** Art. 38.43, TEX. CODE OF CRIMINAL PROCEDURE requires the State in this case to preserve evidence known to contain biological material that if subjected to scientific testing could establish or exclude a person as the perpetrator of the offense. This evidence must usually be preserved in a non-capital felony until either the defendant dies, or is released on parole or mandatory supervision. Such evidence may be destroyed if the State complies with the provisions of Art. 38.43(d) and the defendant does not object in writing. In addition pursuant to Art. 64.01, TEX. CODE OF CRIMINAL PROCEDURE, a convicted person may be entitled to forensic DNA testing.

15. **Victim Impact Statement:** If a victim impact statement has been returned to the prosecutor under Art. 26.13, TEX. CODE OF CRIMINAL PROCEDURE, the Court has reviewed a copy of that report.

16. **Conviction for a Misdemeanor Involving Family Violence:** If you are convicted of a misdemeanor offense involving violence where you are or were a spouse, intimate partner, parent, or guardian of the victim or are or were involved in another, similar relationship with the victim, it may be unlawful for you to possess or purchase a firearm, including a handgun or long gun, or ammunition, pursuant to federal law under 18 U.S.C. Section 922(g)(9) or Section 46.04(b), Texas Penal Code. If you have any questions whether these laws make it illegal for you to possess or purchase a firearm, you should consult an attorney.

### WRITTEN WAIVER OF DEFENDANT--JOINED BY ATTORNEY

Comes now the Defendant, in open Court, joined by my attorney and states:

(A) I am able to read the English language. I fully understand each of the above written plea admonishments given by the Court and I have no questions. If I am unable to read the English language, then my attorney or an interpreter for my attorney has read this entire document to me in my own language and I fully understand the entire document, as well as each of the above written pleas admonishments given by the Court and I have no questions.

(B) I give up and waive arraignment and formal reading of the indictment or felony information;

(C) I am aware of the consequences of my plea;

WARD_ROBBIN_SEPTEMBER 7, 2022 BATES PRODUCTION NO. 552

Rev. January 1, 2014

(D) I am mentally competent and my plea is knowingly, freely, and voluntarily entered. No one has threatened, coerced, forced, persuaded or promised me anything in exchange for my plea;

(E) I give up and waive any right I may have for further time to prepare for trial or do any further investigation;

(F) If I am proceeding by felony information, I give up and waive my right to indictment by a grand jury;

(G) If I am proceeding on an amended indictment or amended felony information, I give up and waive any right I may have for further time to prepare for trial and any other rights I may have under Arts. 28.10 and 28.11, TEX. CODE OF CRIMINAL PROCEDURE. I specifically do not object to the amendment.

(H) Should I be tried on more than one case, I agree that all may be heard and determined at one time;

(I) I give up and waive all pretrial motions that may have been filed in my case;

(J) I am totally satisfied with the representation given to me by my attorney. My attorney provided me fully effective and competent representation;

(K) I give up and waive all rights given to me by law; whether of form, substance, or procedure under Art. 1.14, TEX. CODE OF CRIMINAL PROCEDURE;

(L) I give up and waive my right to a jury, both as to my guilt and assessment of my punishment. I give up and waive the right to appearance, confrontation, and cross-examination of witnesses. I consent to oral and written stipulations of evidence;

(M) I give up and waive my right not to incriminate myself, and agree to testify under oath and judicially confess my guilt if requested by my attorney or the State's attorney;

(N) I give up and waive any and all rights of appeal in this case;

(O) If I am entering a plea to a sexual offense listed in Chapter 62, TEX. CODE OF CRIMINAL PROCEDURE, my attorney has advised me concerning the sex offender registration requirements;

(P) I give up and waive the attendance and record of a court reporter under Rule 13.1, TEXAS RULES OF APPELLATE PROCEDURE;

(Q) I give up and waive preparation of a pre-sentence investigation report;

(R) Should any proceeding in my case be heard by a magistrate, I have no objection to having a magistrate hear that proceeding;

(S) I request that the Court approve the plea recommendation set out above, and dispose of my case in accordance therewith.

(T)    [✓] I am a United States citizen.
[] I am not a United States citizen; and I understand that if I enter a plea of guilty or *nolo contendere* for this offense, I may be deported, excluded from admission to the United States, or denied naturalization under federal law.

X _____
DEFENDANT

I have fully reviewed and explained the above and foregoing court admonishments, rights, and waivers, as well as the following judicial confession to the Defendant. I am satisfied that the Defendant is legally competent and has intelligently, knowingly, and voluntarily waived his rights and will enter a guilty plea understanding the consequences thereof. If applicable, I certify that I have advised the Defendant about the registration requirements of Chapter 62, TEX. CODE OF CRIMINAL PROCEDURE.

_____
ATTORNEY FOR DEFENDANT

WARD_ROBBIN_SEPTEMBER 7, 2022 BATES PRODUCTION NO. 553

## JUDICIAL CONFESSION

Upon my oath I swear my true name is _Jaquencilla Allen-Green_ and I am _30_ years of age; I have read the indictment or information filed in this case and I committed each and every act alleged therein, except those acts waived by the State. All facts alleged in the indictment or information are true and correct. I am guilty of the instant offense as well as all lesser included offenses. All enhancement and habitual allegations set forth in the indictment are true and correct, except those waived by the State. All deadly weapon allegations are true and correct. All other affirmative findings made by the Court pursuant to this plea agreement are true and correct. I further admit my guilt on any unadjudicated offenses set forth in the plea recommendation set out above, and request the Court to take each into account in determining my sentence for the instant offense. I swear to the truth of all of the foregoing and I further swear that all testimony I give in the case will be the truth, the whole truth and nothing but the truth, so help me God.

_____
DEFENDANT

## APPLICATION FOR COMMUNITY SUPERVISION

I swear and it is my testimony here in open court that I have never before been convicted of a felony offense in any court of the State of Texas or any other state. I request the Court to consider this my application for community supervision.

_____
DEFENDANT

Judicial confession and, if applicable, Application for Community Supervision sworn to and subscribed before me this _11_ day of ___July___ 20_14_.

_____
DEPUTY DISTRICT CLERK
TARRANT COUNTY, TEXAS

******

In open court we join and approve the waiver of jury trial pursuant to Art. 1.13, TEX. CODE OF CRIMINAL PROCEDURE and the stipulations of evidence pursuant to Art. 1.15, TEX. CODE OF CRIMINAL PROCEDURE. We further agree and consent to the admission of guilt of any unadjudicated offense under Sec. 12.45, TEXAS PENAL CODE. It is agreed that the Court may take judicial notice of this document and the Court takes judicial notice of same.

Each party acknowledges that the discovery requirements as listed under TEX. CODE OF CRIM. PROC. art. 39.14 have been complied with.

The Court has given the Defendant the admonishments set out in paragraphs numbered 1 through 16, above. In addition, the Court finds that the Defendant is mentally competent and that his plea is intelligently, freely and voluntarily entered. In the event the Defendant has not sworn to a judicial confession, the Court has received sworn testimony and/or a stipulation of evidence sufficient to show that the Defendant is guilty of the offense(s) beyond a reasonable doubt. If applicable, the Court finds that the attorney for the Defendant has advised the Defendant about the registration requirements of Chapter 62, TEX. CODE OF CRIMINAL PROCEDURE.

_____
ATTORNEY FOR DEFENDANT          State Bar ID # 24056813

_____
ATTORNEY FOR STATE              State Bar ID # 24027007

_____
JUDGE MOLLEE WESTFALL
371ST DISTRICT COURT

WARD_ROBBIN_SEPTEMBER 7, 2022 BATES PRODUCTION NO. 554

JUDICIAL DISTRICT OF TARRANT COUNTY, TEXAS

COMMUNITY SUPERVISION AND CORRECTIONS DEPARTMENT

200 W. Belknap, Fort Worth, Texas 76102 817-884-1600

AGREEMENT TO RETURN

WAIVER OF EXTRADITION

NO. _____

FILED
THOMAS A WILDER DIST. CLERK
TARRANT COUNTY, TEXAS

JUL 11 2014

TIME _____
BY _____ DEPUTY

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | 371ST DISTRICT COURT |
| VS. | § | OF |
| _Iaquencilla Allen-Green_ | § | TARRANT COUNTY, TEXAS |

I, _Iaquencilla Allen-Green_ in consideration of being granted community supervision by the Texas authorities, hereby agree;

1.  That I will comply with the conditions of community supervision in the cause shown above;
2.  That I will remain within the limits of Tarrant County, Texas, unless given permission by the Community Supervision Officer of Tarrant County to leave therefrom;
3.  That, should I be given permission to travel outside the State of Texas, I will, when duly instructed by the Texas authorities, return at any time to the State of Texas;
4.  That my failure to comply with the above will be deemed to be a violation of the terms and conditions of community supervision for which I may be returned to the State of Texas;
5.  That I hereby do waive extradition to the State of Texas from any jurisdiction in our outside the United States where I may be found, and also agree that I will not contest any effort by any jurisdiction to return me to the State of Texas.

Signed: _____

Date: _____

Witness: _____

NO. 1358587

THE STATE OF TEXAS

IN THE  371st  DISTRICT COURT

V.

OF

Iqqucacilla Allen-Green
_____, Defendant

TARRANT COUNTY, TEXAS

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS
JUL 1 1 2014
TIME _____
BY _____ DEPUTY

**TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL***

I, judge of the trial court, certify this criminal case:

_____ is not a plea-bargain case, and the defendant has the right of appeal.

_____ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal.

_____ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal.

✓ is a plea-bargain case, and the defendant has NO right of appeal.

_____ the defendant has waived the right of appeal.

_____ involves another appealable order (specify: _____).

_____                    _7 / 11 / 14_
Judge Mollee Westfall                          Date Signed

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a pro se petition for discretionary review pursuant to rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals' judgment and opinion to my last known address and that I have only 30 days in which to file a pro se petition for discretionary review in the Court of Criminal appeals. TEX. R. APP. P. 68.2. I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a pro se petition for discretionary review.

_____
Defendant
Mailing address: 4500 Pear Ridge Dr. #23
Telephone number: Dallas, 75287
Fax # (if any): 4695318101

_____
Defendant's Counsel
State Bar of TX ID # 24056114
Mailing address:
Telephone number:
Fax # (if any):

*A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal. Tex. R. App. P. 25.2(a)(2).

Appendix D to Rules of Appellate Procedure                          Rev. 1/12

CAUSE NO. _1358587_

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **IN THE 371st** |
| | § | |
| **VS.** | § | **DISTRICT COURT OF** |
| | § | |
| _Laquencilla Allen Green_ | § | **TARRANT COUNTY, TEXAS** |

**ACKNOWLEDGEMENT OF RECEIPT OR DISCLOSURE OF DOCUMENTS, ITEMS, AND INFORMATION PROVIDED TO THE DEFENDANT UNDER TEXAS CODE OF CRIMINAL PROCEDURE ART. 39.14**

Comes now, the State of Texas, by and through her undersigned Assistant Criminal District Attorney, and declares to the Court, that the following documents, items, and information have been disclosed to the Defendant, through his attorney of record:

I.     The list of ATTACHMENTS identified as Attachment 1 to this acknowledgment were electronically disclosed on the dates listed through the Electronic Case Filing System, on the dates listed in Attachment 1.

II.    The following list of ITEMS were copied and provided to the attorney for the defendant:

1) OPEN FILE

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS
JUL 1 1 2014
TIME 11:04
BY_____ DEPUTY

III.   The following LIST OF DISCLOSURES were made to the attorney for the defendant on the specified dates and times.

| Disclosure | Method | Date/Time |
|---|---|---|
| OPEN FILE | | |
| | | |
| | | |
| | | |
| | | |

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS
JUL 1 1 2014
TIME_____
BY_____ DEPUTY

Page 1 of 2

WARD_ROBBIN_SEPTEMBER 7, 2022 BATES PRODUCTION NO. 557

Respectfully,

JOE SHANNON, JR.
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS


_____

ASSISTANT CRIMINAL DISTRICT ATTORNEY

SBOT   24007007


I, the undersigned Attorney, am the attorney of record in the above-referenced case, and acknowledge that I have either received or viewed the items listed above.

I further acknowledge that I have provided my client, the Defendant, with all the information contained, as required by law.

_____
Attorney of Record for the Defendant
SBOT 24056813

WARD_ROBBIN_SEPTEMBER 7, 2022 BATES PRODUCTION NO. 558

## DME Made Available to Defendant via ECFS in Case No 1358587

| Type | Attachment Name | Attachment ID / GUID | Date & Time DME 1st Available | DME manually opened by |
|---|---|---|---|---|
| SP | Suspect Profile Report | Suspect Profile Report (CID: 0842129) | 2d0c5404-f672-45e7-a386-cd9e40374815 | 2/5/2014 10:13 AM | |
| CR | Complaint Report | Complaint | 729122c9-7e15-4fba-9813-4f08cc0eafc1 | 2/8/2014 9:39 AM | |
| NS | Notification of Setting Document | Notification of Setting Document | 79b2cf93-11df-4119-a5c3-665f603bcfd2 | 2/10/2014 12:23 PM | |
| NS | Notification of Setting Document | Notification of Setting Document | 9c3ef4d8-d3a4-428f-a897-49c1295af7a4 | 2/28/2014 9:39 AM | |
| NS | Notification of Setting Document | Notification of Setting Document | 96de470e-73aa-44ba-bc09-b5e30a694966 | 4/7/2014 12:28 PM | |
| SA | State Announcement of Ready Document | State Announcement of Ready Document | d6765fee-d1a9-4ebb-9793-8be2c9d63eb1 | 4/11/2014 12:08 PM | |
| IM | Indictment | Felony Case Filed - Return Indictment to Court | c895a430-cf7c-4e45-b9fa-a88ebd257e79 | 4/11/2014 12:08 PM | |
| NS | Notification of Setting Document | Notification of Setting Document | d210ad32-8958-452a-97e2-a50b3e26143c | 4/17/2014 1:38 PM | |
| ZZ | 911 Documentation | call sheet | b48c3a60-fbf1-4ae3-b5a0-2f1232d9894b | 5/5/2014 2:47 PM | Arthur E. Clayton |
| NF | Notification of Filing Document | Notification of Filing Document | 349de4b1-c09b-4d27-9398-287c6c9bd13d | 5/5/2014 2:47 PM | Arthur E. Clayton |
| OR | Offense / Police Report | witness statement | bf192a92-626f-4be0-8c4d-db33e8eb2114 | 5/5/2014 2:47 PM | Arthur E. Clayton |
| OR | Offense / Police Report | warrant | 0dec0e78-4243-4dd4-9292-cd0e9de76b2f | 5/5/2014 2:47 PM | Arthur E. Clayton |
| OR | Offense / Police Report | report | 2e935a0f-ce86-479f-b300-562a04e675d4 | 5/5/2014 2:47 PM | Arthur E. Clayton |

7/11/2014 10:29:15 AM

WARD_ROBBIN_SEPTEMBER 7, 2022 BATES PRODUCTION NO. 559

## DME Made Available to Defendant via ECFS in Case No 1358587

| Type | Attachment Name | Attachment ID / GUID | Date & Time DME 1st Available | DME manually opened by |
|---|---|---|---|---|
| OR | Offense / Police Report | photo line up | 999945a0-fa9a-4ac5-961f-69ed392b78a8 | 5/5/2014 2:47 PM | Arthur E. Clayton |
| OR | Offense / Police Report | multimedia | 291b92be-ccc6-48ae-8aea-ee3d012c5954 | 5/5/2014 2:47 PM | Arthur E. Clayton |
| OR | Offense / Police Report | witness info | 378c026c-7061-4c9c-b99c-62aed3918855 | 5/5/2014 2:47 PM | Arthur E. Clayton |
| OR | Offense / Police Report | icm subpeona | 7cf6c3a9-4282-4b57-9047-ca85bf95ae7a | 5/5/2014 2:47 PM | Arthur E. Clayton |
| OR | Offense / Police Report | arlington report | e1ddf9c5-50e0-496f-ad91-16c94460cc40 | 5/5/2014 2:47 PM | Arthur E. Clayton |
| OR | Offense / Police Report | allstate 2 | ce667544-dc4b-4bee-b4bf-e52bfa44d2a4 | 5/5/2014 2:47 PM | Arthur E. Clayton |
| OR | Offense / Police Report | allstate 1 | b5fd880b-3a1b-4d91-b285-1914ae10b82e | 5/5/2014 2:47 PM | Arthur E. Clayton |
| OR | Offense / Police Report | affidavit | ea5bf785-620c-4ad9-8d93-a2669bad6915 | 5/5/2014 2:47 PM | Arthur E. Clayton |
| NS | Notification of Setting Document | Notification of Setting Document | b0c49e09-e3f5-43e3-8ef9-8c7ea3e2c1f3 | 5/7/2014 2:47 PM | |
| NS | Notification of Setting Document | Notification of Setting Document | 81adf542-aac5-4184-9eaa-dcb51db70a80 | 7/2/2014 10:53 AM | |
| NS | Notification of Setting Document | Notification of Setting Document | b75caec6-74ff-4d19-a288-f5aa73ee5d0f | 7/8/2014 2:29 PM | |

**7/11/2014 10:29:15 AM**

WARD_ROBBIN_SEPTEMBER 7, 2022 BATES PRODUCTION NO. 560

CID # <u>0842129</u>

NO. <u>1358587</u>

| THE STATE OF TEXAS | )( | IN THE 371st DISTRICT |
| VS. | )( | COURT OF |
| <u>LaQuencilla Allen-Green</u> | )( | TARRANT COUNTY, TEXAS |

### SUPPLEMENT/AMENDMENT TO CONDITIONS OF COMMUNITY SUPERVISION

You are ordered to participate in and successfully complete the program(s) and/or condition(s) indicated below, pay all fees required, and continue to participate and/or comply until released by the court.

1.  ☒    Attend, participate in and successfully complete the following
          ☒ Theft Intervention & Prevention Program (TIPP)

_____
Judge

Doug Jones

_____
Witness: Supervision Officer
7/23/14

_____
Defendant

_____
Date

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

JUL 2 3 2014
TIME ___9:06___
BY _____ DEPUTY

WARD_ROBBIN_SEPTEMBER 7, 2022 BATES PRODUCTION NO. 561

STATE OF TEXAS Vs.   1358587D  ALLENGREEN, LAQUENCILLA  311
                 No.   FRAUD USE/POSS IDENT I   TRN#918584697>
                       D371   CID 0842129       DOB:07/08/85
          Offense   NCIC#26040042         OFF # 260442

## RECORD OF CRIMINAL ACTIONS

DETAINER _____

(CRIMINAL) DISTRICT COURT __371__

TRANSFERRED TO _____

2·8·14       COMPLAINT FILED.   BOND SET AT $ 2000

| Date | Action |
|------|--------|
| FEB 28 2014 | Attorney Status |
| 2-28-14 | Mark Robinius retained |
| APR 11 2014 | INDICTMENT RETURNED AND FILED |
| APR 11 2014 | STATE'S ANNOUNCEMENT OF READY FILED |
| MAY - 7 2014 | Consultation |
| 5-7-14 | Eric Labovitz retained (Co-counsel) |
| JUL - 2 2014 | STATUS CONFERENCE |
| JUL 09 2014 | STATUS CONFERENCE |
| JUL 11 2014 | STATUS CONFERENCE |

ACKNOWLEDGMENT OF RECEIPT/DISCLOSURE OF DOCUMENTS PER 39.14 CCP

Defendant waived arraignment. Waiver of jury signed by all parties in open court. Defendant, after being warned, entered plea of guilty to Fraudulent Use or Possession of Identifying Information before the court. After hearing the evidence, the court found that the evidence substantiates the defendant's guilt. However, assessment of punishment is deferred. Defendant placed on community supervision for __5__ days mos (yrs) under terms and conditions that during the term of community supervision the defendant shall: ( 1 ) to (19) inclusive, regular terms. Conditions of community supervision served on defendant in open court. Plea bargaining agreement followed. Defendant advised of appeal rights. $ 500.⁰⁰ Fine

_____
PRESIDING JUDGE 371ST DISTRICT COURT

DISPOSITION OF CASE:
1. 5 years Deferred Adjudication $500 FINE
2. _____
3. _____
4. _____

State's Attorney _Art Clayton_

On Probation Revocation _____

Defendant's Attorney _Eric Labovitz / Mark Robinius_

On Probation Revocation _____

Surety _Buckley Chappell_

Appeals Attorney _____

## Thomas A. Wilder
### DISTRICT CLERK
### TARRANT COUNTY, TEXAS

THESE ARE CRIMINAL DISTRICT COURT PAPERS AND MUST NOT BE REMOVED

WARD_ROBBIN_SEPTEMBER 7, 2022 BATES PRODUCTION NO. 562

CID # <u>0842129</u>

NO. <u>1358587</u>

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | )( | **IN THE** 371st **DISTRICT** |
| **VS.** | )( | **COURT OF** |
| <u>**Laquencilla Allen Green**</u> | )( | **TARRANT COUNTY, TEXAS** |

### SUPPLEMENT/AMENDMENT TO CONDITIONS OF COMMUNITY SUPERVISION

You are ordered to participate in and successfully complete the program(s) and/or condition(s) indicated below, pay all fees required, and continue to participate and/or comply until released by the court.

1.  ☒  <u>The Defendant is hereby ordered to perform an additional sixteen (16) hours of Community Service (CSR) as directed by the Supervision Officer</u>.

_____
Witness: Supervision Officer

_____
Judge

_____
Defendant

<u>3-26-15</u>
_____
Date

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

MAR 27 2015

TIME_____11:17_____
BY_____ DEPUTY

WARD_ROBBIN_SEPTEMBER 7, 2022 BATES PRODUCTION NO. 563

CID # 0842129

NO. 1358587

| THE STATE OF TEXAS | § | IN THE 371ST DISTRICT |
| VS. | § | COURT OF |
| LAQUENCILLA ALLEN GREEN | § | TARRANT COUNTY, TEXAS |

### SUPPLEMENT/AMENDMENT TO CONDITIONS OF COMMUNITY SUPERVISION
### EXTENSION

You are ordered to participate in and successfully complete the program(s) and/or condition(s) indicated below, pay all fees required, and continue to participate and/or comply with the rules and procedures established by CSCD and/or service providers, until released by the Court.

1.  Extension of community supervision for a period of **12 month(s)** beginning **Wednesday, July 10, 2019**.

    Supervision fee assessed at **$0** each month during extension.

2.  Surrender to the Tarrant County Sheriff's Department for confinement in the Tarrant County Jail as a condition of community supervision, for **4** days, beginning **Friday, July 12, 2019**, until the condition of supervision time is served.

    ☑ (Weekends/Weekly) Surrender by **9:00pm** on **Friday(s)**; and release by **5:00am** on **Monday(s)** until time is served.

    ☐ (Nightly/Daily/Other) Surrender by _____ _____ _____; and release by _____ _____, until time is served.

    ☐ (Straight)     Surrender by _____; and release by _____ when time is served.

3.  **Attend and complete a Budget Class.**

_____
Witness- Supervision Officer

Ordered on this **27th** day of **June** 20 **19**

_____
Defendant

_____
Judge

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

JUN 27 2019

TIME 11:38am
BY_____DEPUTY

Felony Supplement - Extension - Rev. 09/17

WARD_ROBBIN_SEPTEMBER 7, 2022 BATES PRODUCTION NO. 564

CAUSE NO. 1358587D

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

AUG 28 2019

TIME_____

BY_____ DEPUTY

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 371ST DISTRICT COURT |
| VS. | § | OF |
| LAQUENCILLA ALLEN GREEN | § | TARRANT COUNTY, TEXAS |

**STATE'S PETITION TO PROCEED TO ADJUDICATION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES,** the State of Texas by and through Sharen Wilson, Criminal District Attorney of Tarrant County, Texas, and would respectfully show the Court that on the 11th day of July, 2014, the Defendant herein entered a plea of guilty to the offense of FRAUD USE/POSSESSION IDENTIFY INFORMATION UNDER/5 ITEMS, the Court after hearing the evidence introduced thereon and finding it substantiates the Defendant's guilt, deferred entering an adjudication of guilt and placed the Defendant under terms and conditions of deferred adjudication community supervision for a term of five (5) years.

The State would show to the Court that said Defendant, thereafter, during the effective period of said deferred adjudication community supervision, violated the terms and conditions of said supervision in that the:

1. Defendant failed to surrender to the Tarrant County Jail on or about July 12, 2019 and July 26, 2019, as ordered by the Court.

2. Defendant tested positive for the following controlled substances, marijuana, or cannabinoids on or about the following dates:

| Substance | Date |
|---|---|
| | |
| a) THC | November 6, 2014 |
| b) THC | September 8, 2016 |
| c) THC | January 11, 2017 |
| d) THC | January 25, 2017 |
| e) THC | February 22, 2017 |

3. Defendant submitted a diluted urine sample on or about December 30, 2014, May 12, 2016, July 12, 2016 and February 22, 2017.

WARD_ROBBIN_SEPTEMBER 7, 2022 BATES PRODUCTION NO. 565

4. Defendant failed to report to Tarrant County by mail as directed during the months of:

2014: November, December

2015: January, February, June, July, August, September, November, December

2016: January, February, March, May, June, July, August, September, November, December

2017: January, February, March, April, May, June, July, August, September, October, November, December

2018: January, February, March, April, May, June, August, September, October, November, December

2019: January, February, March, April, May, June, July, August

**WHEREFORE,** the State prays that this Honorable Court order and direct that the Clerk issue a warrant directing that the Defendant be arrested and brought before this Honorable Court for a hearing limited to a determination by the Court of whether the Court will proceed with an adjudication of guilt on the original charge.

The Court further directs the Clerk to serve upon said Defendant a true copy of this State's Petition to Proceed to Adjudication.

Respectfully submitted,

Sharen Wilson
Criminal District Attorney
Tarrant County, Texas

Bill Vassar
Assistant Criminal District Attorney
State Bar No. 24034224
E-mail:
Phone: 817-884-1400

Date: 8-28-19

☑ Warrant Ordered

☐ Defendant is to remain on Bond.  Precept to serve petition is ordered.

☐ Bond set at: _____

_____
Presiding Judge
371st District Court
Tarrant County, Texas

2

LAQUENCILLA ALLEN GREEN cause no. 1358587 Petition to Proceed to Adjudication
WARD_ROBBIN_SEPTEMBER 7, 2022 BATES-PRODUCTION NO. 566