WARD V. NCS
EXHIBIT 42

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

**ROBBIN WARD,**

      **Plaintiff,**

**v.**                                       **Civil Action No.:  1:21-cv-02597**

**TRANSUNION, LLC, EQUIFAX INFORMATION**
**SERVICES, LLC, EXPERIAN INFORMATION**
**SOLUTIONS, INC. AND NATIONAL CREDIT SYSTEMS, INC.**

      **Defendants.**

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO NATIONAL CREDIT SYSTEMS,**
**INC.'s REQUESTS FOR PRODUCTION OF DOCUMENTS**

COMES NOW the Plaintiff, ROBBIN WARD ("Mr. Ward" or "Plaintiff"), by counsel, as and for his objections and responses to Defendant National Credit Systems, Inc.'s ("NCS" or "Defendant") Request for Production of Documents and states as follows:

**DEFENDANT'S INSTRUCTIONS AND DEFINITIONS**

Plaintiff relies on common usage of words and terms stated herein to the extent any proposed definition suggested by Defendant differs from such use.  The Plaintiff does not agree to any instruction suggested by Defendant to the extent not required by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Colorado, or orders of the Court.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

All documents identified in your answers to any Interrogatories in this suit.

### RESPONSE:

Plaintiff identifies the following documents responsive to this request:

| Document Type: | Bate Stamp # |
|---|---|
| June 8, 2020, Advantage Credit - Credit Score Info Disclosure | 000001 – 000003 |
| July 12, 2020.  Trans Union Response re Credit Freeze | 000004 – 000005 |
| July 12, 2020 – Robbin Ward - Identity Theft Report | 000006 – 000012 |
| Communications with Borland Law | 000013 – 000024 |
| June 13, 2020 - Equifax Response re Security Freeze | 000025 – 000026 |
| June 30, 2020 - Dispute letter as to Main Street Renewal | 000027 – 000028 |
| July 5, 2020 - Equifax response re blocking disputed information | 000029 |
| July 9, 2020 - TU Response to Identity Theft Request - Declines to block info | 000030 – 000031 |
| July 13, 2020 - Equifax Dispute Results - NCS Modified | 000032 – 000059 |
| June 11, 2020 – Experian Dispute Results | 000060 |
| July 14, 2020 - Experian Dispute Results - Second dispute, NCS Removed | 000061 – 000062 |
| July 17, 2020 - TU Dispute Results - Verified as accurate and updated | 000063 – 000068 |
| July 21, 2020 - Main Street Renewal - Verification of debt | 000069 – 000103 |
| July 28, 2020 - Dispute letter as to TU | 000104 |
| November 8, 2020 - Equifax Report - Screenshot of NCS reporting collection | 000105 |
| December 7, 2020 - Experian Report - Not reporting NCS Account | 000106 – 000128 |

| December 7, 2020 - Trans Union Report | 000129 – 000148 |
|---|---|
| December 8, 2020 - Equifax Report | 000149 – 000210 |
| 2020 Credit Reporting Resource Guide – produced in 1:20-cv-02885-BMC, *Rottenberg v. Equifax Information Services, LLC* (E.D.N.Y.), Docket No. 24, Attachment #1 | 002196 - 002554 |
| LexisNexis FCRA Verdict Analyzer dated February 12, 2020 | 002555 - 002582 |
| *Saunders v. BB&T*, 526 F.3d 142 (2008) | 002583 - 002591 |
| *Johnson v. MBNA,* 357 F.3d 426 (2004) | 002592 - 002596 |
| *Seamans v. Temple University,* 744 F.3d 853 (2014) | 002597 - 002607 |
| *Hinkle v. Midland Credit Management, Inc.,* 827 F. 3d 1295 (2016) | 002608 - 002616 |
| *Wood v. Credit One Bank*, 277 F. Supp. 3d 821 (2014) | 002617 - 002644 |
| *Daugherty v. Ocwen Loan Servicing, LLC,* 701 DED. Appx. 246 (2017) | 002645 - 002655 |
| *Gorman v. Wolpoff & Abramson, LLP*, 584 F. 3d 1147 (2009) | 002656 - 002683 |
| *15 U.S.C. §1681s-2.* Responsibilities of furnishers of Information | 002684 - 002694 |
| *June 13, 2020 – Equifax Initial Fraud Alert letter* | 002695 |
| *July 14, 2020 – Experian Letter* | 002696 |
| *August 11, 2020 – Letter to Law Office of Brett Borland* | 002697 – 002699 |
| *September 22, 2020 – Experian Information letter* | 002700 |
| *September 23, 2020 – Experian Information Letter regarding personal identification number* | 002701 |

Plaintiff incorporates documents produced by all Defendants in this case.

Plaintiff also incorporates NCS' own records, logs and policies and procedures concerning

the disputed account at issue in this case.

Page 3

**REQUEST FOR PRODUCTION NO. 2:**

All documents which relate to, refer to or support your claims set forth in the Complaint, including

any amendments thereto. This request is meant to include, but not be limited to, any and all

statements, signed or unsigned, oral, written, recorded, or court reported, from any person who has

knowledge or may have knowledge relating to any of the allegations in Plaintiff's Complaint and/or

NCS's answers or affirmative defenses.

**RESPONSE:**

> Plaintiff identifies his response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 3:**

> All documents that specifically reference the account.

**RESPONSE:**

| | |
|---|---|
| July 12, 2020 – Robbin Ward - Identity Theft Report | 000006 – 000012 |
| Communications with Borland Law | 000013 – 000024 |
| June 30, 2020 - Dispute letter as to Main Street Renewal | 000027 – 000028 |
| July 13, 2020 - Equifax Dispute Results - NCS Modified | 000032 – 000059 |
| June 11, 2020 – Experian Dispute Results | 000060 |
| July 14, 2020 - Experian Dispute Results - Second dispute, NCS Removed | 000061 – 000062 |
| July 17, 2020 - TU Dispute Results - Verified as accurate and updated | 000063 – 000068 |
| July 21, 2020 - Main Street Renewal - Verification of debt | 000069 – 000103 |
| July 28, 2020 - Dispute letter as to TU | 000104 |
| November 8, 2020 - Equifax Report - Screenshot of NCS reporting collection | 000105 |
| December 7, 2020 - Trans Union Report | 000129 – 000148 |
| December 8, 2020 - Equifax Report | 000149 – 000210 |

| August 11, 2020 – Letter to Law Office of Brett Borland | 002697 – 002699 |
|---|---|

**REQUEST FOR PRODUCTION NO. 4:**

All documents or draft documents that you either drafted, were copied on, or were privy to (including but not limited to emails), which refer or relate to communications between you and any other party or non-party to this suit, including the Original Creditor, which are related to the Account.

**RESPONSE:**

Plaintiff identifies and incorporates his response to Request No. 1 and 3.

**REQUEST FOR PRODUCTION NO. 5:**

All documents demonstrating any damages claimed by you in this lawsuit.

**RESPONSE:**

Plaintiff identifies the following documents responsive to this request:

| June 8, 2020, Advantage Credit - Credit Score Info Disclosure | 000001 – 000003 |
|---|---|
| July 12, 2020.  Trans Union Response re Credit Freeze | 000004 – 000005 |
| July 12, 2020 – Robbin Ward - Identity Theft Report | 000006 – 000012 |
| Communications with Borland Law | 000013 – 000024 |
| June 13, 2020 - Equifax Response re Security Freeze | 000025 – 000026 |
| June 30, 2020 - Dispute letter as to Main Street Renewal | 000027 – 000028 |
| July 5, 2020 - Equifax response re blocking disputed information | 000029 |
| July 9, 2020 - TU Response to Identity Theft Request - Declines to block info | 000030 – 000031 |
| July 13, 2020 - Equifax Dispute Results - NCS Modified | 000032 – 000059 |
| June 11, 2020 – Experian Dispute Results | 000060 |

| | |
|---|---|
| July 17, 2020 - TU Dispute Results - Verified as accurate and updated | 000063 – 000068 |
| July 21, 2020 - Main Street Renewal - Verification of debt | 000069 – 000103 |
| July 28, 2020 - Dispute letter as to TU | 000104 |
| November 8, 2020 - Equifax Report - Screenshot of NCS reporting collection | 000105 |
| December 7, 2020 - Trans Union Report | 000129 – 000148 |
| December 8, 2020 - Equifax Report | 000149 – 000210 |
| 2020 Credit Reporting Resource Guide – produced in 1:20-cv-02885-BMC, *Rottenberg v. Equifax Information Services, LLC* (E.D.N.Y.), Docket No. 24, Attachment #1 | 002196 - 002554 |
| LexisNexis FCRA Verdict Analyzer dated February 12, 2020 | 002555 - 002582 |
| *Saunders v. BB&T*, 526 F.3d 142 (2008) | 002583 - 002591 |
| *Johnson v. MBNA*, 357 F.3d 426 (2004) | 002592 - 002596 |
| *Seamans v. Temple University*, 744 F.3d 853 (2014) | 002597 - 002607 |
| *Hinkle v. Midland Credit Management, Inc.*, 827 F. 3d 1295 (2016) | 002608 - 002616 |
| *Wood v. Credit One Bank*, 277 F. Supp. 3d 821 (2014) | 002617 - 002644 |
| *Daugherty v. Ocwen Loan Servicing, LLC*, 701 DED. Appx. 246 (2017) | 002645 - 002655 |
| *Gorman v. Wolpoff & Abramson, LLP*, 584 F. 3d 1147 (2009) | 002656 - 002683 |
| *15 U.S.C. §1681s-2*. Responsibilities of furnishers of Information | 002684 - 002694 |
| *June 13, 2020 – Equifax Initial Fraud Alert letter* | 002695 |
| *July 14, 2020 – Experian Letter* | 002696 |
| *August 11, 2020 – Letter to Law Office of Brett Borland* | 002697 – 002699 |
| *September 22, 2020 – Experian Information letter* | 002700 |

| *September 23, 2020 – Experian Information Letter regarding personal identification number* | 002701 |
|---|---|

Plaintiff identifies and incorporates the Defendant's own logs, records and policies and procedures with regard to the information sought in this request.

**REQUEST FOR PRODUCTION NO. 6:**

All consumer reports, credit reports, credit summaries, or other documents specifying your credit history or credit score. This request is limited from 2017 through present.

**RESPONSE:**

Plaintiff identifies the following documents responsive to this request:

| June 8, 2020, Advantage Credit - Credit Score Info Disclosure | 000001 – 000003 |
|---|---|
| July 12, 2020.  Trans Union Response re Credit Freeze | 000004 – 000005 |
| June 13, 2020 - Equifax Response re Security Freeze | 000025 – 000026 |
| July 5, 2020 - Equifax response re blocking disputed information | 000029 |
| July 9, 2020 - TU Response to Identity Theft Request - Declines to block info | 000030 – 000031 |
| July 13, 2020 - Equifax Dispute Results - NCS Modified | 000032 – 000059 |
| June 11, 2020 – Experian Dispute Results | 000060 |
| July 14, 2020 - Experian Dispute Results - Second dispute, NCS Removed | 000061 – 000062 |
| July 17, 2020 - TU Dispute Results - Verified as accurate and updated | 000063 – 000068 |
| July 28, 2020 - Dispute letter as to TU | 000104 |
| November 8, 2020 - Equifax Report - Screenshot of NCS reporting collection | 000105 |
| December 7, 2020 - Experian Report - Not reporting NCS Account | 000106 – 000128 |
| December 7, 2020 - Trans Union Report | 000129 – 000148 |

| December 8, 2020 - Equifax Report | 000149 – 000210 |
|---|---|
| *September 22, 2020 – Experian Information letter* | 002700 |
| *September 23, 2020 – Experian Information Letter regarding personal identification number* | 002701 |

Plaintiff identifies and incorporates the Documents produced by each CRA Defendant in this case.

**REQUEST FOR PRODUCTION NO. 7**:

Any and all documents reflecting past due balances, since January 01, 2017, including but not limited to, invoices, mortgage statements, car loans, utilities, credit cards, cable/satellite records, etc.

**RESPONSE:**

Plaintiff is not in possession of documents responsive to this request because I have never been past due on any of my accounts.

**REQUEST FOR PRODUCTION NO. 8**:

All disputes or communications related to the Account provided to any third party, including any Consumer Reporting Agency or governmental agency.

**RESPONSE:**

Plaintiff identifies his response to Request Nos. 1, 3, 5 and 6.

Plaintiff identifies and incorporates the Documents produced by each CRA Defendant in this case.

**REQUEST FOR PRODUCTION NO. 9:**

All loan or credit applications that you have filled out or submitted from 2017 through present.

**RESPONSE:**

Plaintiff identifies the Fairway Independent Mortgage Corporation Notice of Loan Applicant dated June 8, 2020 (Plaintiff_000001 – 000003).

**REQUEST FOR PRODUCTION NO. 10:**

All co-signor or guarantor applications, or drafts thereof, that you have filled out or submitted in the past ten (10) years.

**RESPONSE:**

After a due diligence search, Plaintiff is unable to locate any documents responsive to this request at this time.

**REQUEST FOR PRODUCTION NO. 11:**

Copies of all Documents that you intend to rely upon in this matter to support the allegations in your Complaint, including but not limited to, any letters, credit reports or other correspondence between you, Defendant and/or any other person or entity.

**RESPONSE:**

Plaintiff identifies and incorporates his response to Request No. 1.  However, Plaintiff reserves the right to supplement these documents through his Fed. R. Civ. P. 26(e) Disclosures where applicable.

**REQUEST FOR PRODUCTION NO. 12:**

All documents reflecting or relating to any element of damage you have claimed in your Petition or Disclosure Responses (including any amendments to either), including, but not limited to:

a) Financial distress, including, without limitation, any actual damages resulting from loss of credit, increased interest charges, denial of credit, increased credit scores, etc.;

b) Loss of earnings or earnings capacity;

c) Medical expenses in the past (and expected in the future);

d) Emotional Distress;

e) Permanent bodily impairment;

f)  Physical pain and suffering in the past and future; and

g) Any other loss or damage of any type or nature.

**RESPONSE:**

Plaintiff identifies his response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 13:**

All documents relating or reflecting care by health care providers for the last ten (10) years that was provided to Plaintiff.

**OBJECTION:**

**Plaintiff objects to this Request for Production, particularly, but not limited to, the request to "all documents relating or reflecting care by health care providers for the last ten (10) years" as being overbroad, burdensome, irrelevant, oppressive, vexatious, harassing, seeking private and confidential information that is irrelevant to this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence.**

**RESPONSE:**

Plaintiff has suffered mental anguish due to NCS's conduct, but he did not receive medical or mental treatments related to the mental anguish he suffered in this case.

**REQUEST FOR PRODUCTION NO. 14:**

All summaries, notes, reports, calendar or journal entries, or other documents connected with or related in any way to this Litigation, or the incidents giving rise to this Litigation or NCS's alleged actions, omissions, or conduct.

**RESPONSE:**

Other than what Plaintiff has already provided, he is not in possession of additional documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 15:**

All invoices for services, expenses or otherwise related to this Litigation, specifically including, without limitation, attorneys' fees invoices or statements and experts' invoices or statements.

**OBJECTION:**

**Plaintiff objects to this Request as being premature and irrelevant at this stage in the proceedings. Until there has been a resolution if Plaintiff prevails, there is no obligation by any Defendant to pay the Plaintiff's attorneys' fees and costs. Under Fed. R. Civ. P. 54, this information is not shared unless and until a finding of liability and damages is made under a fee-shifting statute. Calculation of attorney's fees is outside the scope of discovery and not calculated to lead to admissible evidence, since any fee award is determined after trial and must be based on lodestar (marketplace) rates. This is a fee shifting case; fees and costs will be sought by petition or agreement under usual fee-shifting standards. Under these standards, the party's agreement with his lawyers may not be considered as a floor, standard, or ceiling. *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989); *Venegas v. Mitchell*, 110 S.Ct. 1679 (1990); *City of Burlington v. Dague*, 112 S.Ct. 2638 (1992); *Amherst Leasing Corp. v. Emhart Corp.*, 65 F.R.D. 121, 126 (D. Conn. 1974) (motion to compel fee agreement denied); *Stahler v. Jamesway Corp.*, 85 F.R.D. 85, 86 (E.D. Pa. 1979) (fee agreement not discoverable); *Sanderson v. Winner*, 207 F.2d 477 (10th Cir. 1974).**

**Plaintiff further objects to this request on grounds that it seeks material protected from disclosure under attorney-client privilege and the work-product doctrine.**

<u>RESPONSE</u>:

Plaintiff stands on his objection and seeks protection from disclosure of this information.

<u>REQUEST FOR PRODUCTION NO. 16</u>:

All statements made by persons not a party to this lawsuit, either written, recorded or otherwise, that pertain to the incident made the basis of this Litigation.

<u>RESPONSE</u>:

Plaintiff is not in possession of any documents responsive to this request.

<u>REQUEST FOR PRODUCTION NO. 17</u>:

Copies of any and all correspondence, and documents relating to any such correspondence, between you and Quen Green, regardless of manner of communication, from 2017 through present. This request specifically seeks phone call records, text messages, emails, and letters to and from the Plaintiff and Quen Green.

<u>RESPONSE</u>:

Plaintiff is not in possession of any documents responsive to this request.

<u>REQUEST FOR PRODUCTION NO. 18</u>:

Any and all correspondence between you and any person regarding the Account.

<u>RESPONSE</u>:

Plaintiff identifies the correspondence is not in possession of any documents responsive to this request.  In addition, the Plaintiff identifies and incorporates his response to Request No. 5.

| FTC Identity Theft Report | 000006 - 0000012 |
| Communications with Borland Law | 000013 – 000024 |
| July 21, 2020 Correspondence from Borland | 000069 - 000103 |

**REQUEST FOR PRODUCTION NO. 19:**

All models, exhibits and/or other visual aids that you or any expert witness may utilize at the time of trial.

**RESPONSE:**

Plaintiff is not in possession of documents responsive to this request. Plaintiff will supplement his response with his Fed. R. Civ. P. 26(a)(3) Disclosures as mandated by the Court's scheduling Order.

**REQUEST FOR PRODUCTION NO. 20:**

Documentation regarding any and all joint accounts, obligations, and benefits, including guarantors and co-signors agreements, which are now or have been joint with Quen Green.

**RESPONSE:**

Plaintiff has never had any joint accounts with Quen Green, nor has he ever co-signed for any loan for her.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and/or tangible items that support the allegations of the Complaint and any amendments thereto.

**RESPONSE:**

Plaintiff identifies his response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 22**:

Copies of your complete federal and state income tax returns, including all schedules and amendments thereto, for the years 2017, 2018, 2019, 2020, 2021, and 2022 (when it comes due).

**OBJECTION:**

**Plaintiff objects to this interrogatory because it seeks information that is not relevant to any of his allegations or Defendant's defenses in this case. Plaintiff further objects to this Interrogatory as not reasonably limited as to scope or time, and not proportional to the needs of the case. Nothing about Plaintiff's income, present or past, or state and federal tax returns has anything to do with any claim or defense in this case.**

**RESPONSE:**

Plaintiff stands on his objection.  Plaintiff is not seeking a lost wage claim with regard to his damages.

**REQUEST FOR PRODUCTION NO. 23:**

Copies of all Documents evidencing your credit score before and after the occurrence of the events giving rise to the allegations contained in the Complaint.

**RESPONSE:**

Plaintiff identifies the Risk Based Pricing Score Disclosure dated June 8, 2020 (Plaintiff_000001 – 000003).

**REQUEST FOR PRODUCTION NO. 24:**

Copies of any and all correspondence, and documents relating to any such correspondence, between Megan Henderson and Quen Green, regardless of manner of communication, from 2017 through present. This request specifically seeks phone call records, text messages, emails, and letters to and from the Megan Henderson and Quen Green.

**RESPONSE:**

Plaintiff is not in possession of the documents sought in this request.

**REQUEST FOR PRODUCTION NO. 25:**

Copies of all correspondence sent or received by robbinward61@gmail.com, including any drafts

thereof, from 2017 through present.

**RESPONSE:**

Plaintiff is not in possession of documents responsive to this request, as he does not use this

email address.

Respectfully submitted,

**ROBBIN WARD**

By:    */s/ Craig C. Marchiando*
                Counsel

Leonard A. Bennett, Esq., VSB #37523
Craig C. Marchiando, Esq., VSB #89736
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com
Email: craig@clalegal.com

Matthew R. Osborne
Matthew R. Osborne, P.C.
11178 Huron Street, Suite 7
Northglenn, CO 80234
Telephone:  303-759-7018
Facsimile: 720-210-9870
Email:  matt@mrosbornelawpc.com

*Counsel for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that this 5th day of August 2022, I served the foregoing via electronic mail to all counsel of record.

Katrina M. DeMarte
DeMarte Law
PMB 6338
39555 Orchard Hill Place
Suite 600
Novi, MI 48375-6338
Email:  katrina@demartelaw.com

                                             /s/
                          Craig C. Marchiando, Esq., VSB #89736
                          **CONSUMER LITIGATION ASSOCIATES, P.C.**
                          763 J. Clyde Morris Blvd., Ste. 1-A
                          Newport News, VA 23601
                          Telephone: (757) 930-3660
                          Facsimile: (757) 930-3662
                          Email: craig@clalegal.com
                          *Counsel for Plaintiff*

Page 16