IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No.    21-cv-2597-LTB

ROBBIN WARD,

        Plaintiff,

v.

TRANSUNION, LLC, et al.,

        Defendants.

---

## ORDER

---

This matter is before me on a Motion to Exclude the Declaration and Testimony of Neal Maynard filed by Plaintiff, Robbin Ward. [**Doc #64**] Defendant National Credit Systems Inc. ("NCS") has filed a response opposing the relief requested [Doc #69] and Plaintiff has filed a reply. [Doc #70]

The relevant procedural history of this Fair Credit Reporting Act case is as follows. The trial in this case was vacated on January 13, 2023. [Doc #65] No new trial date has been set. On October 31, 2022, the date discovery closed, NCS disclosed Neal Maynard as an individual with discoverable information. [Doc #64-1] Two weeks later, on November 15, 2022, NCS filed a motion for summary judgment [Doc #55] and attached the Declaration of Neal Maynard. [Doc #55-10] The motion for summary judgment has been fully briefed and is pending with the Court. Mr. Maynard, an employee of NCS's counsel's law firm, is also listed in the Final Pretrial Order as a possible fact witness at trial and the subject of his testimony is described as "regarding interpretation, analysis, and foundation for Google and Neiman Marcus subpoena results, and more specifically, the metadata (IP addresses and MBOX files) produced by Neiman Marcus." [Doc

#61] This description generally tracks the subjects set forth in NCS's disclosure and in Mr. Maynard's declaration.

In his Motion to Exclude, Plaintiff argues that the testimony and declaration of Mr. Maynard, a layperson, should be excluded because: (1) under Fed. R. Civ. P. 701 and 702, the subject matter of his testimony is specialized and technical and Mr. Maynard was not disclosed as a testifying expert under Fed. R. Civ. P. 26(a)(2); and (2) even if his testimony is not considered expert testimony, NCS only disclosed Mr. Maynard as a fact witness on the day discovery closed thereby causing prejudice to Plaintiff by precluding the possibility of discovery.

NCS denies that Mr. Maynard's testimony is expert in nature, claiming that any layperson can do what Mr. Maynard did. NCS also denies that Plaintiff is prejudiced, arguing that the information that forms the basis of Mr. Maynard's testimony was previously known to Plaintiff.

Based on the foregoing and after consideration of the parties' briefs, I DENY Plaintiff's Motion to Exclude the Declaration and Testimony of Neal Maynard at this time. [Doc #64] In so doing, I note that I do not reach the question of whether Mr. Maynard's proffered testimony constitutes expert testimony and instead I rule that the parties can raise that issue as a pretrial matter pursuant to Fed. R. Evid. 702. Additionally, to the extent the alleged expert testimony set forth in Mr. Maynard's declaration is relevant to the issues raised in NCS's pending summary judgment motion [Doc #55], I will address those issues when ruling on the motion for summary judgment.

However, considering that Mr. Maynard was not disclosed until the final day of discovery and considering that no trial date is set in this matter, I will allow Plaintiff leave to conduct **limited** written discovery regarding the subject of Mr. Maynard's testimony to be served on NCS on or

before **April 6, 2023**. NCS shall respond within **14 days** of service thereof. Any other request for documents or testimony from Mr. Maynard shall be served by Plaintiff on or before **March 30, 2023** to be completed on or before **April 20, 2023**. To the extent that this limited discovery reveals new information relevant to the pending motion for summary judgment, the parties may file supplemental briefing with the Court limited to ten pages on or before **April 27, 2023**.

DATED:    March 23, 2023 in Denver, Colorado.


                              BY THE COURT:

                                 s/Lewis T. Babcock
                              LEWIS T. BABCOCK, JUDGE