IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 21-cv-02597-NYW-JPO

ROBBIN WARD,

    Plaintiff,

v.

NATIONAL CREDIT SYSTEMS, INC.,

    Defendant.

---

**PRELIMINARY JURY INSTRUCTIONS**

---

## PRELIMINARY INSTRUCTION NO. 1

## TRIAL STRUCTURE

During the trial you will hear me use a few terms that you may not have heard before. I will briefly explain them to you. If there are other terms you don't recognize, please let me know and I will explain them. The party who brings a lawsuit is called the plaintiff. In this case, the plaintiff is Robbin Ward. The party against whom the lawsuit is brought is called the defendant. In this case, the defendant is National Credit Systems, Inc., which sometimes will be called "NCS."

Sometimes I will refer to the lawyers as "counsel"; that's just another way of saying lawyer or attorney.

The first step in the trial of this case is the selection of jurors. The second step is my reading of the instructions. Then come the opening statements. What is said in the opening statements is not evidence. It is a road map to show what lies ahead and what the evidence will be. After the opening statements, Mr. Ward will present evidence to support his claims and the Defendant's lawyers may cross-examine his witnesses. After Mr. Ward's evidence, the Defendant may present its evidence and Mr. Ward's lawyers may cross-examine its witnesses. Mr. Ward may then present what is known as rebuttal evidence to counter the Defendant's evidence.

After the evidence is presented, the parties' lawyers will make closing arguments explaining what they think the evidence has shown. What is said in the closing arguments is also not evidence.

Once all of these steps are finished, I will read the instructions to be used in deciding the verdict, and you will go to deliberate.

A jury is the judge of the facts in the case—that means you listen to the evidence in the case and apply to that evidence the law as I give it to you.  That's the short and simple description of what the job is.  The essential requirement for a fair trial is that you decide the case based on all the evidence and the law presented at trial, and only the evidence and law presented at trial.

So, from now until when you are permanently excused from this case, you should not talk about it with any witness, the parties, any of the lawyers, or anyone else at all.  Do not read or watch any news reports about this case, including on the internet or any other electronic media.  You must not gather, or attempt to gather, any information or otherwise investigate this case or anything related to it.

You should also know that no one who is employed need be concerned about how your employer might react to your service on a jury during trial.  There is a federal law that forbids any discrimination of any kind against anyone on account of jury service.  If you need a note for your employer, please inform the jury coordinator or my courtroom deputy, and one will be provided to you.

# PRELIMINARY INSTRUCTION NO. 2

# NATURE OF THE CASE

Now I will briefly tell you what this case is about. The parties' positions are as follows:

<u>Plaintiff:</u>

Plaintiff claims that his identity was stolen and used to rent a property in Dallas, Texas. The landlord, Main Street Renewal, LLC, hired Defendant, a collection agency, which specializes in collecting property rental debts, to collect on the debt, including furnishing information regarding the account to the consumer reporting agencies, Experian, Equifax, and Trans Union. Plaintiff discovered the fraudulent debt on his credit report in June 2020 when seeking to apply for a mortgage loan. Plaintiff immediately disputed the debt with Defendant and the consumer reporting agencies. Defendant refused to consider any of Plaintiff's information and refused to fix the false credit reporting.

<u>Defendant:</u>

Defendant contends that the information it furnished to Experian, Equifax, and Trans Union was not inaccurate or incomplete. Defendant further contends that its investigation was not unreasonable. During the collection process, Plaintiff submitted two sets of disputes to the consumer reporting agencies, which then forwarded those disputes to Defendant for investigation. For the first set of disputes, Plaintiff failed to provide any documentation in support and did not claim identity theft. For the second set of disputes, Plaintiff provided an identity theft affidavit which indicated that Plaintiff's daughter, Quen Green, was involved in the lease application process.

4

Defendant contends that it did not violate the Fair Credit Reporting Act (the "FCRA") because it: a) conducted a reasonable investigation of Plaintiff's disputes; b) Plaintiff cannot demonstrate that the information is false and did not provide sufficient information to NCS with his disputes; c) no additional investigation by Defendant would have led to a different result; and d) Plaintiff's damages, if any, have not been caused by Defendant.

# PRELIMINARY INSTRUCTION NO. 3

# INTRODUCTION TO INSTRUCTIONS AND PROCEDURES FOR TRIAL

In any trial, there are, in effect, two judges. I am one of the judges; you are the other. I am the judge of the law. You, as jurors, are the judges of the facts.

It is my duty to direct the trial and decide what evidence is proper for you to consider. When I reject evidence, I am saying that evidence may not legally be considered by you. I am not telling you what is true or not true.

As judges of the facts, you must determine the facts from the evidence presented. The evidence consists of the testimony of witnesses, documents and other things allowed into the record as exhibits, and any facts to which the parties agree or I say must be accepted as true. You are to consider all the evidence received in this trial and only that evidence. It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

At times during the trial, a lawyer may object to a question asked by another lawyer or to an answer by a witness. This means the lawyer is requesting that I make a decision on a specific law. Do not conclude anything from any objections or my rulings on the objections. When I "sustain" an objection, I am ruling that evidence cannot be presented or considered. When you hear that I have "overruled" an objection, I am allowing that evidence to be presented or considered. If I "sustain" an objection to a question, the witness may not answer it. Do not attempt to guess what answer might have been given if I had allowed the answer. If I "overrule" the objection, the witness will be allowed to answer the question, and you should treat it as any other answer. If I tell you not to consider a particular statement, you may not refer to that statement in your discussions.

When I say "admitted into evidence" or "received into evidence," I mean that the statement or exhibit may be considered by you in making the decisions you must make at the end of the case.  I am not indicating in any way that you must accept it, but only that you may consider it.  If I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

I may have to interrupt the trial at times to confer with the attorneys about the law that should apply.  We may talk briefly at the bench.  But, if our discussion takes more time, I will excuse you from the courtroom.  I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because our talks can often save time in the end.

If you would like to take notes during the trial, you may.  On the other hand, you do not have to take notes.  If you decide to take notes, be careful not to get so involved in note taking that you become distracted.  Remember that your notes will not necessarily reflect exactly what was said, so you should only use your notes as memory aids.  You should not rely on your notes over your independent memory of the evidence.  You should also not be unduly influenced by the notes of other jurors.  If you do take notes, leave them in the jury room at night and do not discuss their contents until I send you to decide the verdict at the end of the trial.

Although the court reporter is making stenographic notes of everything that is said, you will not have a typewritten copy of the testimony to use during your discussions.  Any exhibits admitted at trial, though, will be available to you during your deliberations.

You may not discuss the evidence in this case with each other until you have gone to the jury room to make your decision at the end of the trial.  It is important that you wait

until all the evidence is presented and you have again heard my instructions before you discuss the case with each other. In other words, keep an open mind and form no opinions until you can consider all the evidence and the instructions together.

During the trial, you will receive all the evidence you legally may consider to decide the case. Gathering any information on your own that you think might be helpful in this case is against the law and violates your oath. Do not do any outside reading on this case, even including dictionaries or a bible, do not attempt to visit any places mentioned in the case, and do not in any other way try to learn about the case outside the courtroom. Part of my job is to protect you from outside influences. Your job is to limit your decisions to what happens in this courtroom.

I wish I did not have to spend so much time on this topic, but recent events around the United States and recent technologies require me to point out that some common practices and habits many of you enjoy are strictly forbidden for you as jurors. You may not, under any circumstances, have your cell phones, smart phones or the like on when court is in session. Whether you are here or away from the court during recess, you may not Google, tweet, text message, blog, post, or anything else with those devices about anything to do with this case. If anyone does, it could cause a mistrial, meaning all of our efforts would have been wasted and we would have to start all over again with a new trial before a new jury. If you were to cause a mistrial by violating these orders, you could have to pay all the costs of this trial and perhaps be punished for contempt of court. What you may do is advise anyone who needs to know, such as family members, employers, employees, schools, teachers, or daycare providers that you are a juror in a case and the judge has ordered you not to discuss it until you have reached a verdict and been

discharged from the case.  At that point you will be free to discuss this case or search for any information about it to your heart's delight.

      Fairness to all concerned requires that all of us connected with this case deal with the same information and with nothing other than the same information.  The reason for this is that justice requires a full and public understanding of the basis for any verdict.  If you follow these instructions, no one has the right to challenge your decisions and any criticism of your service as a juror will not be tolerated.

## PRELIMINARY INSTRUCTION NO. 4

## EVIDENCE – GENERAL

You must make your decision based only on the evidence that the parties have presented to you during the trial.  That evidence consists of:

1. the sworn testimony of witnesses on both direct and cross-examination, regardless of who called the witness;
2. documents and other things received into evidence as exhibits; and
3. any facts on which the lawyers agree or which I instruct you to accept as true.

Nothing else is evidence.  The following things are not evidence and you must not consider them as evidence in deciding the facts of this case:

1. Statements and arguments by lawyers are not evidence.  The lawyers are not witnesses.  What they said in their opening statements, closing arguments, and at other times was intended to help you interpret the evidence, but it was not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.
2. Questions and objections by the lawyers are not evidence.  Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.
3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

4. Anything you may see or hear when court was not in session is not evidence, even if what you saw or heard was done or said by one of the parties or by one of the witnesses. In addition, as I have previously told you, you are not allowed to look at, read, consult, or use any material of any kind, including any dictionaries or medical, scientific, technical, religious, or law books, the Internet, or any material of any type or description in connection with your jury service.

Although you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits; inferences you feel are justified in the light of common experience. Inferences are conclusions that reason and common sense lead you to draw from the facts established by the evidence in the case.

## PRELIMINARY INSTRUCTION NO. 5

## EVIDENCE – DIRECT AND CIRCUMSTANTIAL

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence and the other is circumstantial evidence. Direct evidence is testimony by a witness about what that witness personally saw, heard, or did. Circumstantial evidence is indirect evidence; that is, it is proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that, in determining the facts, you consider all the evidence in the case, both direct and circumstantial. It is for you to decide how much weight to give to any evidence, regardless of whether it is direct or circumstantial.

## PRELIMINARY INSTRUCTION NO. 6

## CREDIBILITY OF WITNESSES AND SINGLE WITNESS

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about which witnesses to believe and which witnesses not to believe. You may believe everything a witness says, only part of it, or none of it.

You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was.

In considering the testimony of any witness, you may consider:

1. The witness's opportunity and ability to see, hear, or know the things to which the witness testified;

2. The quality of the witness's memory;

3. The witness's manner while taking the oath and testifying;

4. Whether the witness had an interest in the outcome of the case or any motive, bias, or prejudice;

5. Whether the witness's testimony was contradicted by anything the witness said or did another time, by the testimony of other witnesses, or by other evidence;

6. How reasonable the witness's testimony was in light of all the evidence; and

7. Any other facts that bear on believability.

When weighing conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

If you believe a witness has willfully lied regarding any fact, you have the right to disregard all or any part of that witness's testimony.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify to that fact. Even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of that one witness's testimony, that testimony is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony.

**PRELIMINARY INSTRUCTION NO. 7**

**EXPERT WITNESSES**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses give their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion in part or entirely.

**PRELIMINARY INSTRUCTION NO. 8**

**BURDEN OF PROOF**

This is a civil case.  Therefore, Plaintiff has the burden of proving each of his claims by what is called a preponderance of the evidence.  This means that no matter who produces the evidence, when you consider each of Plaintiff's claims in light of all the facts, you must believe each claim is more likely true than not true.  To put it differently, with respect to each claim, if you were to put all the evidence in favor of Plaintiff and all the evidence in favor of Defendant on opposite sides of the scale, Plaintiff would have to make the scale tip to his side.  If Plaintiff fails to meet this burden, your verdict must be for Defendant on that claim.

A defendant may present affirmative defenses.  An affirmative defense is more than a denial of the claims.  In terms of applying the burden of proof, you should treat the affirmative defense of each party in the same way that you treat their claims.  In other words, the asserting party has the burden of proving that an affirmative defense is more likely true than not true.

In evaluating whether Plaintiff and Defendant have met their respective burdens on their claims and defenses, you should also know that the law does not require parties to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue at this trial.  Nor does the law require parties to produce as exhibits all papers or other things mentioned in the evidence in the case.

**PRELIMINARY INSTRUCTION NO. 9**

**SCHEDULE**

Trial will begin each day at approximately 9:00 a.m.  We will take a fifteen-minute mid-morning break, a forty-five-minute lunch break, and may take recesses occasionally throughout the day.  During the trial, you will be out of the courtroom for breaks, lunch, and overnight.  You should take your recesses in the jury room.  You may leave the courthouse for the lunch break and at the conclusion of trial each day.