**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 21-cv-02597-NYW-JPO

ROBBIN WARD,

    Plaintiff,

v.

NATIONAL CREDIT SYSTEMS, INC.,

    Defendant.

---

## FINAL JURY INSTRUCTIONS

---

## INSTRUCTION NO. 1

## INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every civil case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case. Finally, I will explain the procedures you should follow in your deliberations and the possible verdicts you may return. You will be allowed to take these instructions with you to the jury deliberation room, so you need not take notes as I read them to you.

## INSTRUCTION NO. 2

## GENERAL FINAL INSTRUCTIONS

Now that you have heard the evidence and the parties' arguments, it is your duty to find the facts from all the evidence in the case. And to those facts, you must apply and follow the laws contained in these instructions, whether you agree with them or not. If there is any difference between the law stated by the lawyers and the law in these instructions, you are governed by my instructions. You must follow all of these instructions and not single out some and ignore others; they are all equally important. The decision you reach by applying the law in these instructions to the facts as you find them is called a verdict.

You must not read into these instructions, or into anything I say or do, any suggestions as to what verdict you should return. Your verdict is a matter entirely for you to decide. You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, bias, or public opinion. It is important that you discharge your duties without discrimination, meaning that bias regarding the race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender of the parties, any witnesses, and the lawyers should play no part in the exercise of your judgment. All parties expect that you will carefully consider all the evidence, follow the law in these instructions, and reach a just verdict, regardless of the consequences. You have taken an oath promising to do so.

3

**INSTRUCTION NO. 3**

**UNDISPUTED FACTS**

Before trial, certain facts were determined to be undisputed by the Parties or the Court:

1)      On January 30, 2019, an online application was submitted to Main Street Renewal, LLC ("Main Street") to rent the home located at 229 Cliff Heights Circle Dallas, TX 75232 which included Plaintiff's name, DOB, SSN, Colorado address, the email robbinward61@gmail.com as well as his daughter, Quen Green's contact information.

2)      In December 2019, Main Street hired Defendant to collect a balance of $5,375.82 from Plaintiff.

3)      Defendant first furnished data regarding the account to the consumer reporting agencies on February 1, 2020.

4)      NCS was notified by the consumer reporting agencies by automated consumer dispute verifications ("ACDVs") that Plaintiff disputed the debt on five separate occasions.   Specifically, NCS received dispute notices on June 10, 2020, by way of Experian, and on June 11, 2020, from both Equifax and Trans Union that provided dispute code 1 ("not his/hers") or dispute code 6 ("not aware of collection").  On July 4, 2020, NCS received a second dispute from Equifax, and on July 10, 2020, NCS received a second dispute from Trans Union that provided dispute code 103 ("claims true identity fraud/account fraudulently opened").

5)      The first three disputes/ACDVs received in June did not contain attachments.

6)      All information furnished by NCS to the consumer reporting agencies after

4

June 18, 2020, included information that Mr. Ward disputed the account, including NCS's upload of information to the consumer reporting agencies on or about June 21, 2020.

7)       The second disputes/ACDVs received in July contained the FTC Identity Theft Report and Mr. Ward's Social Security Card and Colorado Driver's License.

8)       Following the conclusion of the investigations of the five disputes, NCS responded to the consumer reporting agencies that it had verified the MSR account as accurate.

9)       Plaintiff continually worked in Colorado during the relevant time period.  At no time did Plaintiff work for Neiman Marcus.

10)      Plaintiff has resolved all claims he had against the Credit Reporting Agencies.

11)      Plaintiff can only recover damages for emotional distress, and cannot recover economic damages, such as the cost of a higher interest rate for his home mortgage.

**INSTRUCTION NO. 4**

**BURDEN OF PROOF**

This is a civil case.  Therefore, Plaintiff has the burden of proving each of his claims by what is called a preponderance of the evidence.  This means that no matter who produces the evidence, when you consider each of Plaintiff's claims in light of all the facts, you must believe each claim is more likely true than not true.  To put it differently, with respect to each claim, if you were to put all the evidence in favor of Plaintiff and all the evidence in favor of Defendant on opposite sides of the scale, Plaintiff would have to make the scale tip to his side.  If Plaintiff fails to meet this burden, your verdict must be for Defendant on that claim.

Defendant asserts the affirmative defense of failure to mitigate damages. Defendant has the burden of proving that the affirmative defense is more likely true than not true.  Put another way, if you were to put all the evidence in favor of Plaintiff and all the evidence in favor of Defendant on opposite sides of the scale, Defendant would have to make the scale tip to its side for an affirmative defense to apply.  If Defendant fails to meet this burden, you cannot apply the affirmative defense.

In evaluating whether Plaintiff and Defendant have met their respective burdens on their claims and defenses, you should also know that the law does not require parties to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue at this trial.  Nor does the law require parties to produce as exhibits all papers or other things mentioned in the evidence in the case.

---

6

## INSTRUCTION NO. 5

### EVIDENCE – GENERAL

You must make your decision based only on the evidence that the parties have presented to you during the trial. That evidence consists of:

1.      the sworn testimony of witnesses on both direct and cross-examination, regardless of who called the witness;

2.      documents and other things received into evidence as exhibits; and

3.      any facts on which the lawyers agree or which I instruct you to accept as true.

Nothing else is evidence. The following things are not evidence and you must not consider them as evidence in deciding the facts of this case:

1.      Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they said in their opening statements, closing arguments, and at other times was intended to help you interpret the evidence, but it was not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

2.      Questions and objections by the lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

7

4.      Anything you may see or hear when court was not in session is not evidence, even if what you saw or heard was done or said by one of the parties or by one of the witnesses.  In addition, as I have previously told you, you are not allowed to look at, read, consult, or use any material of any kind, including any dictionaries or medical, scientific, technical, religious, or law books, the Internet, or any material of any type or description in connection with your jury service.

Although you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits; inferences you feel are justified in the light of common experience.  Inferences are conclusions that reason and common sense lead you to draw from the facts established by the evidence in the case.

**INSTRUCTION NO. 6**

**EVIDENCE – DIRECT AND CIRCUMSTANTIAL**

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence and the other is circumstantial evidence. Direct evidence is testimony by a witness about what that witness personally saw, heard, or did. Circumstantial evidence is indirect evidence; that is, it is proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that, in determining the facts, you consider all the evidence in the case, both direct and circumstantial. It is for you to decide how much weight to give to any evidence, regardless of whether it is direct or circumstantial.

## INSTRUCTION NO. 7

### CREDIBILITY OF WITNESSES AND SINGLE WITNESS

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about which witnesses to believe and which witnesses not to believe. You may believe everything a witness says, only part of it, or none of it.

You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was.

In considering the testimony of any witness, you may consider:

1.    The witness's opportunity and ability to see, hear, or know the things to which the witness testified;

2.    The quality of the witness's memory;

3.    The witness's manner while taking the oath and testifying;

4.    Whether the witness had an interest in the outcome of the case or any motive, bias, or prejudice;

5.    Whether the witness's testimony was contradicted by anything the witness said or did another time, by the testimony of other witnesses, or by other evidence;

6.    How reasonable the witness's testimony was in light of all the evidence; and

7.    Any other facts that bear on believability.

When weighing conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should

10

keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

If you believe a witness has willfully lied regarding any fact, you have the right to disregard all or any part of that witness's testimony.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify to that fact.  Even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of that one witness's testimony, that testimony is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony.

## INSTRUCTION NO. 8

[INTENTIONALLY OMITTED]

## INSTRUCTION NO. 9

## ALL PERSONS EQUAL BEFORE THE LAW—ORGANIZATIONS—IMPLICIT BIAS

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. Corporations and governmental agencies are entitled to the same fair trial as a private individual. All persons, including corporations, governmental agencies, and other organizations stand equal before the law, and are to be treated as equals. You should not be influenced by who the parties are, or who the witnesses are, i.e., whether they are rich or poor, young or old, well-educated or not.

You also should be aware of the natural human tendency to look at others, and to filter what they have to say, through the lens of our own personal experience and background. Because we all do this, we often see—and evaluate evidence—in a way that tends to favor people who are like ourselves or who have had life experiences like our own. In deciding this case, I urge you to be aware of this natural human tendency to stereotype other people and to make assumptions about them based on the stereotypes, and I urge you to avoid such stereotyping.

13

## INSTRUCTION NO. 10

## CORPORATE PARTY'S AGENTS AND EMPLOYEES

A corporation or governmental agency may act only through natural persons who are its agents or employees. Generally, any agents or employees of a corporation or governmental agency may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or governmental agency, or within the scope of their duties as employees of the corporation or governmental agency.

## INSTRUCTION NO. 11

## EXPERT WITNESS

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  There is an exception to this rule for "expert witnesses."  An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling.  Expert witnesses give their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion in part or entirely.

**INSTRUCTION NO. 12**

[INTENTIONALLY OMITTED]

## INSTRUCTION NO. 13

## NATURE OF THE ACTION

That concludes the part of the instructions explaining your duties and the general rules that apply in every civil case. I will now instruct you on the law relating to Plaintiff's claim for relief for violation of the Fair Credit Reporting Act ("FCRA").

The Fair Credit Reporting Act is a federal law that governs credit reporting by the consumer reporting agencies and those who furnish information to the credit reporting agencies, like Defendant National Credit Systems, Inc. The FCRA recognizes that the modern banking system is dependent on fair and accurate reporting, and the FCRA is designed to promote an overall efficient system that leads to accurate reporting that is fair and equitable to the consumer.

"Consumers" are entitled to the protection and benefit of the FCRA. Experian, Trans Union, and Equifax are consumer reporting agencies ("CRAs") that are regulated by the FCRA. Under the FCRA, a "consumer report" is any report that serves as a factor in establishing a consumer's eligibility for credit that is used or expected to be used primarily for personal, family, or household purposes. A report sent by the CRAs directly to a consumer is called a "consumer disclosure."

When a consumer contacts a CRA to dispute information that the consumer believes is inaccurate, a furnisher of information who has received the notice of a dispute from a CRA is required to: (1) investigate the disputed information; (2) review all relevant information provided by the CRA; (3) report the results of the investigation to the CRA; (4) report the results of the investigation to all other CRAs if the investigation reveals that the information is incomplete or inaccurate; and (5) modify, delete, or permanently block

17

the reporting of the disputed information if it is determined to be inaccurate, incomplete, or unverifiable. The investigation a data furnisher undertakes must be a reasonable one.

Here, NCS furnished information to the CRAs that Plaintiff owed a balance resulting from unpaid rent for a home leased from Main Street Renewal, LLC in Dallas, Texas. Plaintiff Robbin Ward alleges that Defendant National Credit Systems, Inc. negligently violated the FCRA because, after receiving notice that Plaintiff disputed that he owed a debt to Main Street Renewal as reported by the CRAs, Defendant failed to conduct a reasonable investigation. Plaintiff claims that Defendant's negligent violation of the FCRA resulted in emotional distress to him.

Conversely, Defendant alleges that Plaintiff cannot prove that the information furnished by Defendant to the CRAs is inaccurate or incomplete. Defendant also contends that it performed a reasonable investigation of Plaintiff's disputes in light of the information provided by Plaintiff at the time of the investigations, the information and documents provided by the original creditor Main Street Renewal, and Plaintiff's failure to to provide complete information.

## INSTRUCTION NO. 14

### VIOLATION OF THE FCRA - ELEMENTS

For Plaintiff to recover from Defendant for a negligent violation of the FCRA, you must find that Plaintiff has established the following elements, by a preponderance of the evidence.

1.      That the information furnished by Defendant for the Main Street Renewal Account was inaccurate, incomplete, or misleading.

2.      That Defendant's investigation of Plaintiff's dispute was unreasonable.

3.      That Defendant's failure to conduct a reasonable investigation caused Plaintiff emotional distress damages.

If you find that any of the elements has not been proven, then your verdict must be for Defendant.  On the other hand, if you find that all of the elements have been proven, then your verdict must be for Plaintiff.

## INSTRUCTION NO. 15

## FCRA VIOLATION – ELEMENT 1:  INACCURATE, INCOMPLETE, OR MISLEADING

Before a furnisher, such as Defendant, has a duty to reasonably investigate the notice of a dispute received from a CRA, Plaintiff must show that the information furnished by NCS was inaccurate, incomplete, or misleading.

**INSTRUCTION NO. 16**

**FCRA VIOLATION – ELEMENT 2:  REASONABLENESS**

A "reasonable" investigation is one that a reasonably prudent person would undertake under the circumstances.  A person or entity acts negligently if the person or entity fails to do something that a reasonably prudent person would do, or does something that a reasonably prudent person would not do, under the circumstances that existed at the time.

How thorough an investigation must be to be "reasonable" turns on what relevant information was provided to a furnisher by the CRA giving notice of a dispute.  A more limited investigation may be appropriate when CRAs provide the furnisher with vague or cursory information about a consumer's dispute, and Congress could not have intended to place a burden on furnishers continually to reinvestigate a particular transaction, without any new information or other reason to doubt the result of the earlier investigation. The reasonableness of the investigation is to be determined by an objective standard and the burden of showing the investigation was unreasonable is on the plaintiff.  An investigation does not have to be exhaustive to be reasonable; a data furnisher may balance the costs and benefits of engaging in additional procedures.  If the circumstances warrant, a company may rely on its own records.

## INSTRUCTION NO. 17

## FCRA VIOLATION – ELEMENT 3:  CAUSATION

To recover damages, Plaintiff must prove that Defendant's violation of the Fair Credit Reporting Act proximately caused his injuries. Proximate cause requires that the damage complained of by the Plaintiff is the natural, probable result of Defendant's investigation of Plaintiff's disputes.

## INSTRUCTION NO. 18

## ADDITIONAL INFORMATION

Data furnishers, such as Defendant, may contact consumers and/or third parties

as part of an investigation of a consumer's dispute.

## INSTRUCTION NO. 19

## INTRODUCTION TO DAMAGES INSTRUCTIONS

That concludes the part of my instructions relating to Plaintiff's claim for relief. I will now instruct you on the law relating to damages.

The fact that I am instructing you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of Plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

Difficulty or uncertainty in determining the precise amount of any damages does not prevent you from deciding an amount. You should use your best judgment based on the evidence.

## INSTRUCTION NO. 20

## DAMAGES FOR EMOTIONAL DISTRESS

If you find in favor of Plaintiff, you must determine the total dollar amount of his damages, if any, that were caused by the inaccurate information included in Plaintiff's credit file with the CRAs following his disputes to the CRAs. In determining Plaintiff's damages, you shall only consider whether Plaintiff suffered damages from emotional distress. Plaintiff has the burden of proving the nature and extent of his damages by a preponderance of the evidence.

The FCRA permits emotional distress damages to be awarded when a violation has been established. If you find in favor of the Plaintiff, then you may award emotional distress damages, if proven by a preponderance of the evidence. These should not compensate Plaintiff for any other type of damages, such as economic damages, adverse credit decision damages, or attorneys' fees, if any. Plaintiff can only recover the emotional distress damages that he proves he suffered and that were caused by Defendant's negligence.

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Plaintiff's emotional distress damages—no more, no less. You must not impose or increase damages to punish or penalize Defendant, but only to compensate Plaintiff for damages incurred. And you must not base these emotional distress damages on speculation or guesswork. You are not required to award any damages for emotional distress, if they are not proven.

To recover damages for emotional distress, Plaintiff must prove that he has suffered a specific discernable injury with credible evidence presented at trial. Damages

25

may not be based on speculation or sympathy. Evidence of emotional distress need not be corroborated by out-of-pocket expenses, doctors, psychologists, or other witnesses, but Plaintiff must support his claims with competent evidence of the nature, extent, and duration of the harm.

.

## INSTRUCTION NO. 21

### AFFIRMATIVE DEFENSE – FAILURE TO MITIGATE

That concludes the instructions about Plaintiff's allegations and elements needed to prove an FCRA violation by Defendant and the methods for calculating any damages related to those allegations. I will now instruct you about the law applicable to Defendant's affirmative defense of mitigation of damages.

If you find that Plaintiff has had actual emotional distress damages, then you must consider whether Defendant has proved its affirmative defense of Plaintiff's failure to mitigate or minimize damages. Plaintiff has a duty to take reasonable steps under the circumstances to mitigate or minimize his damages.

The affirmative defense of mitigation of damages is proved if Defendant has established, by a preponderance of the evidence, that (1) Plaintiff failed to take reasonable steps to mitigate or minimize his damages; and (2) Plaintiff has incurred increased damages because he did not take the reasonable steps to mitigate or minimize his damages. If Defendant proves this defense, then you must determine the amount of damages caused by Plaintiff's failure to mitigate. This amount must be excluded from your award of damages. On the other hand, if you find that Defendant has not proven one or both of these two elements by a preponderance of the evidence, then you shall make no deduction from Plaintiff's damage award.

27

## INSTRUCTION NO. 22

## JURY DELIBERATIONS – GENERAL INSTRUCTIONS

Each of you has a copy of the instructions to consult as you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts, you must apply and follow the laws contained in these instructions whether you agree with them or not. Your decision is called a verdict and is reached by applying these laws to the facts as you find them. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathies. You have taken an oath promising to do just so.

You must follow all of these instructions and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may say or do, any suggestions as to what verdict you should return. Your verdict is a matter entirely for you to decide.

28

## INSTRUCTION NO. 23

## FOREPERSON AND VERDICT FORM

After the closing arguments, the Courtroom Deputy will escort you to the jury room and will give you the original jury instructions and the original verdict form. Any exhibits admitted into evidence will also be placed in the jury room for your review. You will be allowed to take your notes and your copy of the jury instructions that I have just read with you. The original of the jury instructions and the exhibits are a part of the court record. Do not place any marks or notes on them. Your copy of the instructions may be marked or used in any way you see fit.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

A verdict form has been prepared to help guide you through your deliberations. This form contains questions and directions for answering them. In answering these questions, you must apply the law in the instructions that the Court gave you to the facts that were proved by the evidence. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided for each response. As you will note from the wording of the questions, it may not be necessary to consider or answer every question. This is the only copy of the

29

verdict form that you will receive, so please do not write on it or indicate your answer to any questions on it until you have all agreed on the answer.

This is an important case. If you should fail to agree upon a verdict, the case is left open and must be tried again. Obviously, another trial would require the parties to make another large investment of time and effort, and there is no reason to believe that the case can be tried again by either side better or more exhaustively than it has been tried before you.

It is your duty, as jurors, to consult with one another and deliberate with a view toward reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

After you reach a verdict, your foreperson should ensure that the original verdict form is complete and then he/she must sign and date it. The foreperson should then advise the Courtroom Deputy that you have reached a verdict, but do not tell the Courtroom Deputy what your verdict is. The Courtroom Deputy will then inform me that you have reached a verdict. The foreperson should remain in possession of the verdict form until you return to the courtroom and I request that it be given to me.

## INSTRUCTION NO. 24

### COMMUNICATIONS WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a folded note through the Courtroom Deputy, signed by one of you. Do not disclose the content of your note to the Courtroom Deputy. No member of the jury should hereafter attempt to communicate with me except in writing and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. You are not to tell anyone—including me—how the jury stands, numerically or otherwise, until you have reached a unanimous verdict and I have discharged you.

If you send a note to me containing a question or request for further direction, please bear in mind that responses take considerable time and effort. Before giving an answer or direction I must first notify the attorneys and bring them back to the court. I must confer with them, listen to arguments, research the legal authorities, if necessary, and reduce the answer or direction to writing.

There may be questions that, under the law, I am not permitted to answer. If it is improper for me to answer the question, I will tell you that. Please do not speculate about what the answer to your question might be or why I am not able to answer a particular question.

31